accordance with Trial Rule 33.

(c) The examination of a person under a civil investigative demand for oral testimony served under this chapter shall be conducted in accordance with Trial Rule 30.

*As added by P.L.222-2005, SEC.23.*

## IC 5-11-5.5-15
**Civil investigative demands; possession of responses and transcripts; examination of responses**

Sec. 15. (a) The official who issued the civil investigative demand is the custodian of the documentary material, answers to interrogatories, and transcripts of oral testimony received under this chapter.

(b) An investigator who receives documentary material, answers to interrogatories, or transcripts of oral testimony under this section shall transmit them to the official who issued the civil investigative demand. The official shall take physical possession of the material, answers, or transcripts and is responsible for the use made of them and for the return of documentary material.

(c) The official who issued the civil investigative demand may make copies of documentary material, answers to interrogatories, or transcripts of oral testimony as required for official use by the

attorney general, the inspector general, or the state police. The material, answers, or transcripts may be used in connection with the taking of oral testimony under this chapter.

(d) Except as provided in subsection (e), documentary material, answers to interrogatories, or transcripts of oral testimony, while in the possession of the official who issued the civil investigative demand, may not be made available for examination to any person other than:

(1) the attorney general or designated personnel of the attorney general's office;

(2) the inspector general or designated personnel of the inspector general's office; or

(3) an officer of the state police who has been authorized by the official who issued the civil investigative demand.

(e) The restricted availability of documentary material, answers to interrogatories, or transcripts of oral testimony does not apply:

(1) if the person who provided:

(A) the documentary material, answers to interrogatories, or oral testimony; or

(B) a product of discovery that includes documentary material, answers to interrogatories, or oral testimony;

consents to disclosure;

(2) to the general assembly or a committee or subcommittee of the general assembly; or

(3) to a state agency that requires the information to carry out its statutory responsibility.

Documentary material, answers to interrogatories, or transcripts of oral testimony requested by a state agency may be disclosed only under a court order finding that the state agency has a substantial need for the use of the information in carrying out its statutory responsibility.

(f) While in the possession of the official who issued the civil investigative demand, documentary material, answers to interrogatories, or transcripts of oral testimony shall be made available to the person, or to the representative of the person who produced the material, answered the interrogatories, or gave oral testimony. The official who issued the civil investigative demand may impose reasonable conditions upon the examination or use of the documentary material, answers to interrogatories, or transcripts of oral testimony.

(g) The official who issued the civil investigative demand and any attorney employed in the same office as the

official who issued the civil investigative demand may use the documentary material, answers to interrogatories, or transcripts of oral testimony in connection with a proceeding before a grand jury, a court, or an agency. Upon the completion of the proceeding, the attorney shall return to the official who issued the civil investigative demand any documentary material, answers to interrogatories, or transcripts of oral testimony that are not under the control of the grand jury, court, or agency.

(h) Upon written request of a person who produced documentary material in response to a civil investigative demand, the official who issued the civil investigative demand shall return any documentary material in the official's possession to the person who produced documentary material, if:

(1) a proceeding before a grand jury, a court, or an agency involving the documentary material has been completed; or

(2) a proceeding before a grand jury, a court, or an agency involving the documentary material has not been commenced within a reasonable time after the completion of the investigation.

The official who issued the civil investigative demand is not required to return documentary material that is in the custody of a grand jury, a court, or an agency.

*As added by P.L.222-2005, SEC.23. Amended by P.L.1-2006, SEC.99.*

## IC 5-11-5.5-16
**Civil investigative demands; sanctions for failure to comply; protective orders**

Sec. 16. (a) A person who has failed to comply with a civil investigative demand is subject to sanctions under Trial Rule 37 to the same extent as a person who has failed to cooperate in discovery.

(b) A person who objects to a civil investigative demand issued under this chapter may seek a protective order in accordance with Trial Rule 26(C).

*As added by P.L.222-2005, SEC.23.*

## IC 5-11-5.5-17
**Civil investigative demands; confidentiality of responses**

Sec. 17. Documentary material, answers to written interrogatories, or oral testimony provided in response to a civil investigative demand issued under this chapter are confidential.

*As added by P.L.222-2005, SEC.23.*

## IC 5-11-5.5-18
**Application of Indiana Rules of Trial Procedure**

Sec. 18. Proceedings under this chapter are governed by the Indiana Rules of Trial Procedure, unless the Indiana Rules of Trial Procedure are inconsistent with this chapter.

*As added by P.L.222-2005, SEC.23.*

# The General Laws of Massachusetts

Search the Laws

Go To:
Next Section
Previous Section
Chapter Table of Contents
MGL Search Page
General Court Home
Mass.gov

## PART I. ADMINISTRATION OF THE GOVERNMENT

## TITLE II. EXECUTIVE AND ADMINISTRATIVE OFFICERS OF THE COMMONWEALTH

## CHAPTER 12. DEPARTMENT OF THE ATTORNEY GENERAL, AND THE DISTRICT ATTORNEYS

### DEPARTMENT OF THE ATTORNEY GENERAL

### Chapter 12: Section 5A. False claims; definitions

Section 5A. (a) For the purposes of this section, the following words shall, unless the context clearly requires otherwise, have the following meaning:-

"Claim", any request or demand, whether pursuant to a contract or otherwise, for money or property which is made to an officer, employee, agent or other representative of the commonwealth, political subdivision thereof or to a contractor, subcontractor, grantee, or other person if the commonwealth or any political subdivision thereof provides any portion of the money or property which is requested or demanded, or if the commonwealth or any political subdivision thereof will reimburse directly or indirectly such contractor, subcontractor, grantee, or other person for any portion of the money or property which is requested or demanded.

"False claims law", pursuant to sections 5B to 5O, inclusive.

"False claims action", an action filed by the office of the attorney general or a relator pursuant to this section.

"Knowing and knowingly", possessing actual knowledge of relevant information, acting with deliberate ignorance of the truth or falsity of the information or acting in reckless disregard of the truth or falsity of the information and no proof of specific intent to defraud is required.

"Original source", an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the attorney general, without public disclosure, before filing an action under this section which is based on such information.

"Person", any natural person, corporation, partnership, association, trust or other business or legal entity.

"Political subdivision", any city, town, county or other governmental entity authorized or created by state law, including public corporations and authorities.

"Relator", an individual who brings an action under paragraph (2) of section 5C.

Case3:09-cv-02457-BZ   Document1-2   Filed06/03/09   Page5 of 73

# The General Laws of Massachusetts

Search the Laws

Go To:
Next Section
Previous Section
Chapter Table of Contents
MGL Search Page
General Court Home
Mass.gov

## PART I. ADMINISTRATION OF THE GOVERNMENT

## TITLE II. EXECUTIVE AND ADMINISTRATIVE OFFICERS OF THE COMMONWEALTH

### CHAPTER 12. DEPARTMENT OF THE ATTORNEY GENERAL, AND THE DISTRICT ATTORNEYS

#### DEPARTMENT OF THE ATTORNEY GENERAL

**Chapter 12: Section 5B. False claims; liability**

Section 5B. Any person who:

(1) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the commonwealth or any political subdivision thereof;

(3) conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim;

(4) has possession, custody, or control of property or money used, or to be used, by the commonwealth or any political subdivision thereof and knowingly delivers, or causes to be delivered to the commonwealth, less property than the amount for which the person receives a certificate or receipt with the intent to willfully conceal the property;

(5) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the commonwealth or any political subdivision thereof and with the intent of defrauding the commonwealth or any political subdivision thereof, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(6) buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the commonwealth or any political subdivision thereof, knowing that said officer or employee may not lawfully sell or pledge the property;

(7) enters into an agreement, contract or understanding with one or more officials of the commonwealth or any political subdivision thereof knowing the information contained therein is false;

(8) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or to transmit money or property to the commonwealth or political subdivision thereof; or

(9) is a beneficiary of an inadvertent submission of a false claim to the commonwealth or political subdivision thereof, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the commonwealth or political subdivision within a reasonable time after discovery of the false claim shall be liable to the commonwealth or political subdivision for a civil penalty of not less than $5,000 and not more than $10,000 per violation, plus three times the amount of damages, including consequential damages, that the commonwealth or political subdivision sustains because of the act of that person. A person violating sections 5B to 5O, inclusive, shall also be liable to the commonwealth or any political subdivision for the expenses of the civil action brought to recover any such penalty or damages, including without limitation reasonable attorney's fees, reasonable expert's fees and the costs of investigation, as set forth below. Costs recoverable under said sections 5B to 5O, inclusive, shall also include the costs of any review or investigation undertaken by the attorney general, or by the state auditor or the inspector general in cooperation with the attorney general.

(10) Notwithstanding the provisions of paragraphs (1) to (9), inclusive, if the court finds that:

(i) the person committing the violation of said paragraphs (1) to (9) furnished an official of the office of the attorney general responsible for investigating false claims law violations with all the information known to such person about the violation within 30 days after the date on which the person first obtained the information;

(ii) such person fully cooperated with any commonwealth investigation of such violation; and

(iii) at the time such person furnished the commonwealth with the information about the violation, no civil action or administrative action had commenced under sections 5B to 5O, inclusive, or no criminal prosecution had commenced with respect to such violation, and such person did not have actual knowledge of the existence of an investigation into such violation, the court may reduce the assessment of damages to the amount of damages, including consequential damages, that the commonwealth or any political subdivision thereof sustains because of the act of a person.

(11) A corporation, partnership or other person is liable to the commonwealth under sections 5B to 5O, inclusive, for the acts of its agent where the agent acted with apparent authority, regardless of whether the agent acted, in whole or in part, to benefit the principal and regardless of whether the principal adopted or ratified the agent's claims, representation, statement or other action or conduct.

(12) Sections 5B to 5O, inclusive shall not apply to claims, records or statements made or presented to establish, limit, reduce, or evade liability for the payment of tax to the commonwealth, or any other governmental authority.

(13) A person who has engaged in conduct described in paragraphs (1) to (9), inclusive, prior to payment

shall only be entitled to payment from the commonwealth of the actual amount due less the excess amount falsely or fraudulently claimed.

# The General Laws of Massachusetts

Search the Laws

Go To:
Next Section
Previous Section
Chapter Table of Contents
MGL Search Page
General Court Home
Mass.gov

## PART I. ADMINISTRATION OF THE GOVERNMENT

## TITLE II. EXECUTIVE AND ADMINISTRATIVE OFFICERS OF THE COMMONWEALTH

## CHAPTER 12. DEPARTMENT OF THE ATTORNEY GENERAL, AND THE DISTRICT ATTORNEYS

### DEPARTMENT OF THE ATTORNEY GENERAL

**Chapter 12: Section 5C. Violations under Secs. 5B to 5O; investigation by attorney general; relators; civil actions**

Section 5C. (1) The attorney general shall investigate violations under sections 5B to 5O, inclusive, involving state funds or funds from any political subdivision. If the attorney general finds that a person has violated or is violating said sections 5B to 5O, inclusive, the attorney general may bring a civil action in superior court against the person.

(2) An individual, hereafter referred to as relator, may bring a civil action in superior court for a violation of said sections 5B to 5O, inclusive, on behalf of the relator and the commonwealth or any political subdivision thereof. The action shall be brought in the name of the commonwealth or the political subdivision thereof. The action may be dismissed only if the attorney general gives written reasons for consenting to the dismissal and the court approves the dismissal. Notwithstanding any general or special law to the contrary, it shall not be a cause for dismissal or a basis for a defense that the relator could have brought another action based on the same or similar facts under any other law or administrative proceeding.

(3) When a relator brings an action pursuant to said sections 5B to 5O, inclusive, a copy of the complaint and written disclosure of substantially all material evidence and information the relator possesses shall be served on the attorney general pursuant to Rule 4(d)(3) of the Massachusetts Rules of Civil Procedure. The complaint shall be filed under seal and shall remain so for 120 days. Notwithstanding any other general or special law or procedural rule to the contrary, service on the defendant shall not be required until the period provided in paragraph (5). The attorney general may, for good cause shown, ask the court for extensions of no more than 90 days during which the complaint shall remain under seal. Any such motions may be supported by affidavits or other submissions under seal. The court shall not grant more than two requests for extensions unless the attorney general can demonstrate extraordinary circumstances requiring a further extension. The attorney general may elect to intervene and proceed with the action on behalf of the

extension. The attorney general may elect to intervene and proceed with the action on behalf of the commonwealth or political subdivision within the 120 day period or during any extension, after he receives both the complaint and the material evidence and information. Any information or documents furnished by the relator to the attorney general in connection with an action or investigation under said sections 5B to 5O, inclusive, shall be exempt from disclosure under section 10 of chapter 66.

(4) Before the expiration of the initial 120 day period or any 90 day extensions obtained under paragraph (3), the attorney general shall; (i) assume control of the action, in which case the action shall be conducted by the attorney general; or (ii) notify the court that he declines to take over the action, in which case the relator shall have the right to conduct the action.

(5) If the attorney general decides to proceed with the action, the complaint shall be unsealed and served promptly thereafter. The defendant shall not be required to respond to any complaint filed under said sections 5B to 5O, inclusive, until 20 days after the complaint is unsealed and served upon the defendant pursuant to rule 4 of the Massachusetts rules of civil procedure.

(6) When a relator brings an action pursuant to this section, no person other than the attorney general may intervene or bring a related action based on the facts underlying the pending action.

# The General Laws of Massachusetts

Search the Laws

Go To:
Next Section
Previous Section
Chapter Table of Contents
MGL Search Page
General Court Home
Mass.gov

## PART I. ADMINISTRATION OF THE GOVERNMENT

## TITLE II. EXECUTIVE AND ADMINISTRATIVE OFFICERS OF THE COMMONWEALTH

## CHAPTER 12. DEPARTMENT OF THE ATTORNEY GENERAL, AND THE DISTRICT ATTORNEYS

### DEPARTMENT OF THE ATTORNEY GENERAL

**Chapter 12: Section 5D. Prosecution by attorney general; relator's right to continue as party to action**

Section 5D. (1) If the attorney general proceeds with the action, he shall have primary responsibility for prosecuting the action, and shall not be bound by any act of the relator. The relator shall have the right to continue as a party to the action, subject to the limitations in sections 5B to 5O, inclusive.

(2) The attorney general may dismiss the action notwithstanding the objections of the relator if the relator has been notified by the attorney general of the filing of the motion and the court has provided the relator with an opportunity for a hearing on the motion. Upon a showing of good cause, such hearing may be held in camera.

(3) The attorney general may settle the action with the defendant notwithstanding the objections of the relator if the court determines, after a hearing, that the proposed settlement is fair, adequate and reasonable under all the circumstances. Upon a showing of good cause, such hearing may be held in camera.

(4) Upon a showing by the attorney general that unrestricted participation during the course of the litigation by the relator initiating the action would interfere with or unduly delay the attorney general's prosecution of the case, or would be repetitious, irrelevant or for purposes of harassment, the court may, in its discretion, impose limitations on the relator's participation, including but not limited to: (i) limiting the number of witnesses the relator may call; (ii) limiting the length of the testimony of such witnesses; (iii) limiting the relator's cross examination of witnesses; or (iv) otherwise limiting the participation by the relator in the litigation.

(5) Upon a showing by the defendant that unrestricted participation during the course of the litigation by the relator would be for purposes of harassment or would cause the defendant undue burden or unnecessary expense, the court may limit the participation by the relator in the litigation.

(6) If the attorney general elects not to proceed with the action, the relator who initiated the action shall have the right to conduct the action. If the attorney general so requests, it shall be served with copies of all pleadings filed in the action and shall be supplied with copies of all deposition transcripts at the attorney general's expense. When a relator proceeds with the action, the court, without limiting the status and rights of the relator initiating the action, may nevertheless permit the attorney general to intervene at a later date upon a showing of good cause.

(7) Whether or not the attorney general proceeds with the action, upon a showing by the attorney general that certain acts of discovery by the relator initiating the action would interfere with the attorney general's investigation or prosecution of a criminal or civil matter arising out of the same or similar facts, the court may stay such discovery for a period of not more than 60 days. Such showing by the attorney general shall be conducted in camera. The court may extend the 60 day period upon a further showing in camera that the attorney general has pursued the criminal or civil investigation or proceedings with reasonable diligence and may stay any proposed discovery in the civil action that will interfere with the ongoing criminal or civil investigations or proceedings.

# CHAPTER 357 - SUBMISSION OF FALSE CLAIMS TO STATE OR LOCAL GOVERNMENT

## GENERAL PROVISIONS

| | |
|---|---|
| NRS 357.010 | Definitions. |
| NRS 357.020 | "Claim" defined. |
| NRS 357.030 | "Political subdivision" defined. |

## LIABILITY

| | |
|---|---|
| NRS 357.040 | Liability for damages and civil penalty for certain acts. |
| NRS 357.050 | Limitation of damages and waiver of penalty for cooperation of defendant. |
| NRS 357.060 | Joint and several liability. |

## CIVIL ACTIONS

| | |
|---|---|
| NRS 357.070 | Investigation and action by Attorney General. |
| NRS 357.080 | Action by private plaintiff; venue of actions. |
| NRS 357.090 | Action based on information public employee discovered during public employment prohibited in certain circumstances. |
| NRS 357.100 | Action based upon certain public disclosures may only be brought by Attorney General or original source of information. |
| NRS 357.110 | Attorney General may elect to intervene in action by private plaintiff; motion to extend time for election; unsealing of complaint. |
| NRS 357.120 | Effect of intervention of Attorney General in action by private plaintiff; motion to dismiss; settlement. |
| NRS 357.130 | Effect of declination of Attorney General to intervene in action by private plaintiff; authority for and effect of election by Attorney General to intervene subsequently in such action. |
| NRS 357.140 | Response by defendant. |
| NRS 357.150 | Stay of discovery by private plaintiff; extension. |
| NRS 357.160 | Court-imposed limitation upon participation of private plaintiff in action. |
| NRS 357.170 | Limitation of actions; standard of proof; effect of certain findings of guilt in criminal proceeding on action. |
| NRS 357.180 | Award of expenses and attorney's fees. |

## DISTRIBUTION OF RECOVERY

| | |
|---|---|
| NRS 357.190 | "Recovery" defined. |
| NRS 357.200 | Distribution to special account in State General Fund if Attorney General initiated action. |
| NRS 357.210 | Distribution to private plaintiff in certain actions. |
| NRS 357.220 | Distribution to private plaintiff in action based upon information obtained by public employee during public employment. |
| NRS 357.230 | Distribution of unapportioned portion to general fund of State or political subdivision, or both. |

## MISCELLANEOUS PROVISIONS

| | |
|---|---|
| NRS 357.240 | Employer prohibited from forbidding employee from making certain disclosures or acting in furtherance of action relating to false claim and from taking any retaliatory action against employee for such disclosures or actions. |
| NRS 357.250 | Liability of employer for violations of NRS 357.240; entitlement of employee to remedies. |

---------

## GENERAL PROVISIONS

   **NRS 357.010  Definitions.**  As used in this chapter, unless the context otherwise requires, the words and terms defined in NRS 357.020 and 357.030 have the meanings ascribed to them in those sections.
   (Added to NRS by 1999, 824)

**NRS 357.020 "Claim" defined.** "Claim" means a request or demand for money, property or services made to:
   1. An officer, employee or agent of this state or of a political subdivision of this state; or
   2. A contractor, grantee or other recipient of money from the State or a political subdivision of this state if any part of the money, property or services requested or demanded was provided by the State or political subdivision.
   (Added to NRS by 1999, 824)

**NRS 357.030 "Political subdivision" defined.** "Political subdivision" means a county, city, assessment district or any other local government as defined in NRS 354.474.
   (Added to NRS by 1999, 824)

## LIABILITY

**NRS 357.040 Liability for damages and civil penalty for certain acts.**
   1. Except as otherwise provided in NRS 357.050, a person who, with or without specific intent to defraud, does any of the following listed acts is liable to the State or a political subdivision, whichever is affected, for three times the amount of damages sustained by the State or political subdivision because of the act of that person, for the costs of a civil action brought to recover those damages and for a civil penalty of not less than $5,000 or more than $10,000 for each act:
   (a) Knowingly presents or causes to be presented a false claim for payment or approval.
   (b) Knowingly makes or uses, or causes to be made or used, a false record or statement to obtain payment or approval of a false claim.
   (c) Conspires to defraud by obtaining allowance or payment of a false claim.
   (d) Has possession, custody or control of public property or money and knowingly delivers or causes to be delivered to the State or a political subdivision less money or property than the amount for which he receives a receipt.
   (e) Is authorized to prepare or deliver a receipt for money or property to be used by the State or a political subdivision and knowingly prepares or delivers a receipt that falsely represents the money or property.
   (f) Knowingly buys, or receives as security for an obligation, public property from a person who is not authorized to sell or pledge the property.
   (g) Knowingly makes or uses, or causes to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the State or a political subdivision.
   (h) Is a beneficiary of an inadvertent submission of a false claim and, after discovering the falsity of the claim, fails to disclose the falsity to the State or political subdivision within a reasonable time.
   2. As used in this section, a person acts "knowingly" with respect to information if he:
   (a) Has knowledge of the information;
   (b) Acts in deliberate ignorance of whether the information is true or false; or
   (c) Acts in reckless disregard of the truth or falsity of the information.
   (Added to NRS by 1999, 824; A 2007, 2398)

**NRS 357.050 Limitation of damages and waiver of penalty for cooperation of defendant.** In a civil action pursuant to this chapter, the court may give judgment for not less than twice or more than three times the amount of damages sustained, and no civil penalty, if it finds that:
   1. The person against whom the judgment is entered:
   (a) Furnished all information known to him concerning the act, within 30 days after becoming aware of the information, to the Attorney General; and
   (b) Fully cooperated with any investigation of the act by the State or political subdivision; and
   2. At the time the information was furnished, no criminal prosecution or civil or administrative proceeding had commenced with respect to the act and the person had no knowledge of the existence of any investigation with respect to the act.
   (Added to NRS by 1999, 825)

**NRS 357.060 Joint and several liability.** Liability pursuant to this chapter is joint and several for an act done by two or more persons.
   (Added to NRS by 1999, 825)

## CIVIL ACTIONS

**NRS 357.070 Investigation and action by Attorney General.** The Attorney General shall investigate any alleged liability pursuant to this chapter and may bring a civil action pursuant to this chapter against the person liable.
   (Added to NRS by 1999, 825; A 2007, 2399)

**NRS 357.080 Action by private plaintiff; venue of actions.**
   1. Except as otherwise provided in this section and NRS 357.090 and 357.100, a private plaintiff may maintain an action pursuant to this chapter on his own account and that of the State if money, property or services provided by the State are involved, or on his own account and that of a political subdivision if money, property or services provided by the political subdivision are involved, or on his own account and that of both the State and a political subdivision if both are involved. After such an action is commenced, it may be dismissed only with leave of the court, taking into account the public purposes of this chapter and the best interests of the parties.

2. If a private plaintiff brings an action pursuant to this chapter, no other person may bring another action pursuant to this chapter based on the same facts.

3. An action may not be maintained by a private plaintiff pursuant to this chapter:

(a) Against a member of the Legislature or the Judiciary, an elected officer of the Executive Department of the State Government, or a member of the governing body of a political subdivision, if the action is based upon evidence or information known to the State or political subdivision at the time the action was brought.

(b) If the action is based upon allegations or transactions that are the subject of a civil action or an administrative proceeding for a monetary penalty to which the State or political subdivision is already a party.

4. A complaint filed pursuant to this section must be placed under seal and so remain for at least 60 days or until the Attorney General has elected whether to intervene. No service may be made upon the defendant until the complaint is unsealed.

5. On the date the private plaintiff files his complaint, he shall send a copy of the complaint to the Attorney General by mail with return receipt requested. He shall send with each copy of the complaint a written disclosure of substantially all material evidence and information he possesses.

6. An action pursuant to this chapter may be brought in any judicial district in this State in which the defendant can be found, resides, transacts business or in which any of the alleged fraudulent activities occurred.

(Added to NRS by 1999, 825, 826; A 2007, 2399)

**NRS 357.090  Action based on information public employee discovered during public employment prohibited in certain circumstances.** No action may be maintained pursuant to NRS 357.080 that is based upon information discovered by a present or former employee of the State or a political subdivision during his employment, unless he first in good faith exhausted internal procedures for reporting and seeking recovery of the proceeds of the fraudulent activity through official channels and the State or political subdivision failed to act on the information provided for at least 6 months.

(Added to NRS by 1999, 828)

**NRS 357.100  Action based upon certain public disclosures may only be brought by Attorney General or original source of information.**

1. No action may be maintained pursuant to this chapter that is based upon the public disclosure of allegations or transactions in a criminal, civil or administrative hearing, in an investigation, report, hearing or audit conducted by or at the request of a house of the Legislature, an auditor or the governing body of a political subdivision, or from the news media, unless the action is brought by the Attorney General or an original source of the information.

2. As used in this section, "original source" means a person:

(a) Who has direct and independent knowledge of the information on which the allegations were based;

(b) Who voluntarily provided the information to the State or political subdivision before bringing an action based on the information; and

(c) Whose information provided the basis or caused the making of the investigation, hearing, audit or report that led to the public disclosure.

(Added to NRS by 1999, 828)

**NRS 357.110  Attorney General may elect to intervene in action by private plaintiff; motion to extend time for election; unsealing of complaint.**

1. Within 60 days after receiving a complaint and disclosure, the Attorney General may intervene and proceed with the action or he may, for good cause shown, move the court to extend the time for his election whether to proceed. The motion may be supported by affidavits or other submissions in chambers.

2. If the Attorney General elects to intervene, the complaint must be unsealed. If the Attorney General elects not to intervene, the private plaintiff may proceed and the complaint must be unsealed.

(Added to NRS by 1999, 826; A 2007, 2400)

**NRS 357.120  Effect of intervention of Attorney General in action by private plaintiff; motion to dismiss; settlement.**

1. If the Attorney General intervenes, the private plaintiff remains a party to an action pursuant to NRS 357.080.

2. The Attorney General may move to dismiss the action for good cause. The private plaintiff must be notified of the filing of the motion and is entitled to oppose it and present evidence at the hearing.

3. Except as otherwise provided in this subsection, the Attorney General may settle the action. If the Attorney General intends to settle the action, he shall notify the private plaintiff of that fact. Upon the request of the private plaintiff, the court shall determine whether settlement of the action is consistent with the public purposes of this chapter and shall not approve the settlement of the action unless it determines that such settlement is consistent with the public purposes of this chapter.

(Added to NRS by 1999, 826)

**NRS 357.130  Effect of declination of Attorney General to intervene in action by private plaintiff; authority for and effect of election by Attorney General to intervene subsequently in such action.**

1. If the Attorney General elects not to intervene in an action pursuant to NRS 357.080, the private plaintiff has the same rights in conducting the action as the Attorney General would have had. A copy of each pleading or other paper filed in the action, and a copy of the transcript of each deposition taken, must be mailed to the Attorney General if the Attorney General so requests and pays the cost thereof.

2. Upon timely application, the Attorney General may intervene in an action in which he has previously declined to

intervene, if the interest of the State or a political subdivision in recovery of the money or property involved is not being adequately represented by the private plaintiff.

3. If the Attorney General so intervenes, the private plaintiff retains primary responsibility for conducting the action and any recovery must be apportioned as if the Attorney General had not intervened.
(Added to NRS by 1999, 826)

**NRS 357.140 Response by defendant.** The defendant is entitled to 30 days in which to respond after a complaint filed pursuant to NRS 357.080 is unsealed and served upon him.
(Added to NRS by 1999, 826)

**NRS 357.150 Stay of discovery by private plaintiff; extension.**

1. The court may stay discovery by a private plaintiff for not more than 60 days if the Attorney General shows that the proposed discovery would interfere with the investigation or prosecution of a civil or criminal matter arising out of the same facts, whether or not the Attorney General participates in the action.

2. The court may extend the stay upon a further showing that the Attorney General has pursued the civil or criminal investigation or proceeding with reasonable diligence and the proposed discovery would interfere with its continuation. Discovery may not be stayed for a total of more than 6 months over the objection of the private plaintiff, except for good cause shown by the Attorney General.

3. A showing made pursuant to this section must be made in chambers.
(Added to NRS by 1999, 828)

**NRS 357.160 Court-imposed limitation upon participation of private plaintiff in action.** Upon a showing by the Attorney General that unrestricted participation by a private plaintiff would interfere with or unduly delay the conduct of an action, or would be repetitious, irrelevant or solely for harassment, the court may limit his participation by, among other measures, limiting:

1. The number of witnesses he may call;
2. The length of the testimony of the witnesses; or
3. His cross-examination of witnesses.
(Added to NRS by 1999, 828)

**NRS 357.170 Limitation of actions; standard of proof; effect of certain findings of guilt in criminal proceeding on action.**

1. An action pursuant to this chapter may not be commenced more than 3 years after the date on which the Attorney General discovers, or reasonably should have discovered, the fraudulent activity or more than 6 years after the fraudulent activity occurred, but in no event more than 10 years after the fraudulent activity occurred. Within those limits, an action may be based upon fraudulent activity that occurred before July 1, 2007.

2. In an action pursuant to this chapter, the standard of proof is a preponderance of the evidence. A finding of guilty or guilty but mentally ill in a criminal proceeding charging false statement or fraud, whether upon a verdict of guilty or guilty but mentally ill or a plea of guilty, guilty but mentally ill or nolo contendere, estops the person found guilty or guilty but mentally ill from denying an essential element of that offense in an action pursuant to this chapter based upon the same transaction as the criminal proceeding.
(Added to NRS by 1999, 829; A 2007, 1446, 2400)

**NRS 357.180 Award of expenses and attorney's fees.**

1. If the Attorney General or a private plaintiff prevails in or settles an action pursuant to NRS 357.080, the private plaintiff is entitled to a reasonable amount for expenses that the court finds were necessarily incurred, including reasonable costs, attorney's fees and the fees of expert consultants and expert witnesses. Those expenses must be awarded against the defendant, and may not be allowed against the State or a political subdivision.

2. If the defendant prevails in the action, the court may award him reasonable expenses and attorney's fees against the party or parties who participated in the action if it finds that the action was clearly frivolous or vexatious or brought solely for harassment.
(Added to NRS by 1999, 828)

## DISTRIBUTION OF RECOVERY

**NRS 357.190 "Recovery" defined.** As used in NRS 357.190 to 357.230, inclusive, "recovery" includes civil penalties and does not include any allowance of expenses or attorney's fees.
(Added to NRS by 1999, 827)

**NRS 357.200 Distribution to special account in State General Fund if Attorney General initiated action.** If the Attorney General initiates an action pursuant to this chapter, 33 percent of any recovery must be paid into the State General Fund to the credit of a special account, for use by the Attorney General as appropriated or authorized by the Legislature in the investigation and prosecution of false claims.
(Added to NRS by 1999, 827)

**NRS 357.210 Distribution to private plaintiff in certain actions.**

1. If the Attorney General intervenes at the outset in an action pursuant to NRS 357.080, the private plaintiff is entitled, except as otherwise provided in NRS 357.220, to receive not less than 15 percent or more than 33 percent of any recovery, according to the extent of his contribution to the conduct of the action.

2. If the Attorney General does not intervene in the action at the outset, the private plaintiff is entitled, except as otherwise provided in NRS 357.220, to receive not less than 25 percent or more than 50 percent of any recovery, as the court determines to be reasonable.

(Added to NRS by 1999, 827)

**NRS 357.220  Distribution to private plaintiff in action based upon information obtained by public employee during public employment.**

1. If the action is one described in NRS 357.090, the present or former employee of the State or political subdivision is not entitled to any minimum percentage of any recovery, but the court may award him no more than 33 percent of the recovery if the Attorney General intervenes in the action at the outset, or no more than 50 percent if the Attorney General does not intervene, according to the significance of his information, the extent of his contribution to the conduct of the action and the response to his efforts to report the false claim and gain recovery through other official channels.

2. If the private plaintiff is a present or former employee of the State or a political subdivision and benefited financially from the fraudulent activity, he is not entitled to any minimum percentage of any recovery, but the court may award him no more than 33 percent of the recovery if the Attorney General intervenes in the action at the outset, or no more than 50 percent if the Attorney General does not intervene, according to the significance of his information, the extent of his contribution to the conduct of the action, the extent of his involvement in the fraudulent activity, his attempts to avoid or resist the activity and the other circumstances of the activity.

(Added to NRS by 1999, 827)

**NRS 357.230  Distribution of unapportioned portion to general fund of State or political subdivision, or both.**  The portion of any recovery not apportioned pursuant to NRS 357.200, 357.210 and 357.220 must be paid into the State General Fund if the money, property or services were provided only by the State, or into the general fund of the political subdivision if they were provided only by a political subdivision. If the action involved both the State and a political subdivision, the court shall apportion the remaining portion of any recovery between them according to the respective values of the money, property or services provided by each.

(Added to NRS by 1999, 827)

## MISCELLANEOUS PROVISIONS

**NRS 357.240  Employer prohibited from forbidding employee from making certain disclosures or acting in furtherance of action relating to false claim and from taking any retaliatory action against employee for such disclosures or actions.**

1. An employer shall not adopt or enforce any rule or policy forbidding an employee to disclose information to the State, a political subdivision or a law enforcement agency or to act in furtherance of an action pursuant to this chapter, including investigation for, bringing or testifying in such an action.

2. An employer shall not discharge, demote, suspend, threaten, harass, deny promotion to or otherwise discriminate against an employee in the terms or conditions of his employment because of lawful acts done by him on his own behalf or on behalf of others in disclosing information to the State, a political subdivision or a law enforcement agency in furtherance of an action pursuant to this chapter, including investigation for, bringing or testifying in such an action.

(Added to NRS by 1999, 829)

**NRS 357.250  Liability of employer for violations of NRS 357.240; entitlement of employee to remedies.**

1. An employer who violates subsection 2 of NRS 357.240 is liable to the affected employee in a civil action for all relief necessary to make him whole, including, without limitation, reinstatement with the same seniority as if the discrimination had not occurred or damages in lieu of reinstatement if appropriate, twice the amount of lost compensation, interest on the lost compensation, any special damage sustained as a result of the discrimination and punitive damages if appropriate. The employer is also liable for expenses recoverable pursuant to NRS 357.180, costs and attorney's fees.

2. An employee is entitled to the remedies provided in subsection 1 only if:

(a) He voluntarily disclosed information to the State or a political subdivision or voluntarily acted in furtherance of an action pursuant to this chapter; and

(b) He was harassed, threatened with termination or demotion, or otherwise coerced by his employer into any participation in fraudulent activity.

(Added to NRS by 1999, 829)

# TITLE XII
# PUBLIC SAFETY AND WELFARE

## CHAPTER 167
## PUBLIC ASSISTANCE TO BLIND, AGED, OR DISABLED PERSONS, AND TO DEPENDENT CHILDREN

### Medicaid Fraud and False Claims

#### Section 167:61-a

**167:61-a Prohibited Acts. –**

I. No person shall:

(a) Knowingly make, present or cause to be made or presented, with intent to defraud, any false or fraudulent claim for payment for any good, service, or accommodation for which payment may be made in whole or in part under RSA 161 or RSA 167;

(b) Knowingly make, present, or cause to be made or presented, with intent to defraud, any false or fraudulent statement or representation for use in determining rights to benefits or payments which may be made in whole or in part under RSA 161 or RSA 167;

(c) Knowingly make, present, or cause to be made or presented, with intent to defraud, any false or fraudulent report or filing which is or may be used in computing or determining a rate of payment for goods, services, or accommodations for which payment may be made in whole or in part under RSA 161 or RSA 167; or make, present, or cause to be made or presented any false or fraudulent statement or representation in connection with any such report or filing;

(d) Knowingly make, present, or cause to be made or presented, with intent to defraud, any claim for payment, for any good, service, or accommodation for which payment may be made in whole or in part under RSA 161 or RSA 167, which is not medically necessary in accordance with professionally recognized standards;

(e) Knowingly make or cause to be made, with intent to defraud, any wholly or partially false or fraudulent book, record, document, data, or instrument, which is required to be kept or which is kept as documentation:

(1) For any good, service, or accommodation for which payment is or has been sought in whole or in part under RSA 161 or RSA 167; or

(2) Of any cost or expense claimed for reimbursement for any good, service, or accommodation for which payment is or has been sought in whole or in part under RSA 161 or RSA 167;

(f) Knowingly:

(1) Make or cause to be made, with intent to defraud, any false or fraudulent statement to; or

(2) Offer or present or cause to be offered or presented, with intent to defraud, any wholly or partially false or fraudulent record, document, data, or instrument to any law enforcement officer, including any employee or agent of the attorney general, or to any employee or agent of the department of health and

employee or agent of the attorney general, or to any employee or agent of the department of health and human services, in connection with any audit or investigation involving any claim for payment or rate of payment for any good, service, or accommodation payable in whole or in part under RSA 161 or RSA 167;

    (g) Destroy or conceal or cause to be destroyed or concealed any book, record, document, data, or instrument required to be kept or which is kept as documentation:

        (1) For any good, service, or accommodation for which payment is or has been sought in whole or in part under RSA 161 or RSA 167; or

        (2) Of any cost or expense claimed for reimbursement for any good, service, or accommodation for which payment is or has been sought in whole or in part under RSA 161 or RSA 167; with the purpose of hindering or impeding any audit or investigation conducted by any law enforcement officer, including any employee or agent of the attorney general, or to any employee or agent of the department of health and human services;

    (h) Knowingly make, present, or cause to be made or presented, with intent to defraud, any claim for payment for any good, service, or accommodation for which payment may be made in whole or in part under RSA 161 or RSA 167, which may only be furnished by a person who is licensed by an appropriate licensing authority, and the person who furnished the good, service, or accommodation:

        (1) Was not licensed by the appropriate licensing authority; or

        (2) Was licensed by the appropriate licensing authority but such license was obtained through a misrepresentation of material fact, including cheating on any examination required for licensing;

    (i) Knowingly solicit or receive any remuneration, including any bribe or rebate, directly or indirectly, overtly or covertly, in cash or in kind, in return for purchasing, leasing, ordering, or arranging for or recommending the purchase, lease, or ordering of any good, service, accommodation or facility for which payment may be made in whole or in part under RSA 161 or RSA 167, or knowingly offer or pay any remuneration, including any bribe or rebate, directly or indirectly, overtly or covertly, in cash or in kind, to induce a person to purchase, lease, order, or arrange for or recommend the purchase, lease, or ordering of any good, service, accommodation or facility for which payment may be made in whole or in part under RSA 161 or RSA 167; or

    (j) Knowingly charge, solicit, accept or receive, in addition to any amount otherwise required to be paid under RSA 161 or RSA 167, any gift, money, donation, or other consideration either as a precondition of admitting or expediting the admission of a patient to a hospital, skilled nursing facility, or intermediate care facility, when the cost of the services provided in such facility to the patient is paid for in whole or in part under RSA 161 or RSA 167.

   II. (a) Any natural person who violates any provision of this section shall be guilty of a class B felony.

    (b) Any other person who violates any provision of this section shall be guilty of a felony.

**Source.** 1990, 260:3, eff. June 27, 1990.

# TITLE XII
# PUBLIC SAFETY AND WELFARE

## CHAPTER 167
## PUBLIC ASSISTANCE TO BLIND, AGED, OR DISABLED PERSONS, AND TO DEPENDENT CHILDREN

## Medicaid Fraud and False Claims

### Section 167:61-b

**167:61-b False Claims Against the Department; Definitions. –**

I. Any person shall be liable to the state for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages that the state sustains because of the act of that person, who:

(a) Knowingly presents, or causes to be presented, to an officer or employee of the department, a false or fraudulent claim for payment or approval.

(b) Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the department.

(c) Conspires to defraud the department by getting a false or fraudulent claim allowed or paid.

(d) Has possession, custody, or control of property or money used, or to be used, by the department and, intending to defraud the department or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt.

(e) Knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the department.

(f) Is a beneficiary of an inadvertent submission of a false claim to the department, who subsequently discovers the falsity of the claim, and fails to disclose the false claim to the department within a reasonable time after discovery of the false claim.

II. (a) Notwithstanding the damages provisions of paragraph I, the court may assess not less than 2 or more than 3 times the amount of damages that the state sustains because of the act of the person and no civil penalty, if the court finds that a person who has violated paragraph I:

(1) Furnished officials of the state responsible for investigating false claims violations with all information known to the person about the violation within 30 days after the date on which the defendant first obtained the information;

(2) Fully cooperated with any state investigation of such violation; and

(3) At the time the person furnished the state with the information about the violation, no criminal prosecution, civil action, or administrative action had commenced under this chapter with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation.

(b) A person violating paragraph I shall also be liable to the state for the costs and attorneys' fees arising from any civil action brought to recover the penalty or damages.

III. Liability under this section shall be joint and several for any act committed by 2 or more persons.

III. Liability under this section shall be joint and several for any act committed by 2 or more persons.

IV. This section shall not apply to any controversy involving damages to the department of less than $5,000 in value. For purposes of this paragraph, "controversy" means the aggregate of any one or more false claims submitted by the same person.

V. In RSA 167:61-b through RSA 167:61-e:

(a) "Claim" means any request or demand, whether under a contract or otherwise, for money or property that is made to an officer, employee, agent, or other representative of the department or to a contractor, grantee, or other person, if the department provides any portion of the money or property that is requested or demanded, or if the department will reimburse the contractor, grantee, or other recipient for any portion of the money or property that is requested or demanded.

(b) (1) "Knowing" and "knowingly" means that a person, with respect to information:

(A) Has actual knowledge of the information;

(B) Acts in deliberate ignorance of the truth or falsity of the information; or

(C) Acts in reckless disregard of the truth or falsity of the information.

(2) No proof of specific intent to defraud is required for an act to be knowing.

(c) "Original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the state before filing an action under RSA 167:61-c that is based on the information, and whose information provided the basis or catalyst for the investigation, hearing, audit, or report that led to the public disclosure.

(d) "Person" means any natural person, corporation, firm, association, organization, partnership, business, or trust.

(e) "Relator" means an individual who brings an action under RSA 167:61-c.

VI. In any action brought under RSA 167:61-c, the state shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence.

VII. An action for false claims under RSA 167:61-c shall not be brought:

(a) More than 6 years after the date on which the violation of RSA 167:61-b is committed; or

(b) More than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official within the office of the attorney general charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.

**Source.** 2004, 167:2, eff. Jan. 1, 2005.

# TITLE XII
# PUBLIC SAFETY AND WELFARE

## CHAPTER 167
## PUBLIC ASSISTANCE TO BLIND, AGED, OR DISABLED PERSONS, AND TO DEPENDENT CHILDREN

### Medicaid Fraud and False Claims

### Section 167:61-c

**167:61-c Actions by Attorney General and Private Persons. –**

I. The attorney general shall investigate violations under RSA 167:61-b. If the attorney general finds that a person has violated or is violating RSA 167:61-b, the attorney general may bring a civil action in superior court against the person.

II. (a) An individual, hereafter referred to as "relator," may bring a civil action for a violation of RSA 167:61-b, I on behalf of the relator and for the state. The action shall be brought in the name of the state.

(b) When a relator brings an action under this section, no person other than the state may intervene or bring a related action based on the facts underlying the pending action.

(c) A copy of the complaint and written disclosure of substantially all material evidence and information the relator possesses shall be served on the state in accordance with the New Hampshire rules of civil procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The state may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

(d) The state may, for good cause shown, move the court for one or more extensions of the 60-day time period during which the complaint shall remain under seal. Any such motion may be supported by affidavits or other submissions filed under seal.

(e) Before the expiration of the 60-day period or any extension obtained, the state shall:

(1) Proceed with the action, in which case the action shall be conducted by the state; or

(2) Notify the court that it declines to take over the action, in which case the action shall be dismissed.

III. The defendant shall not be required to respond to any complaint filed under this section until after the complaint is unsealed and served upon the defendant in accordance with the New Hampshire rules of civil procedure.

IV. Notwithstanding any provision of RSA 275-E to the contrary, any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the

such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An employee may bring an action in the superior court for the relief provided in this paragraph. For purposes of this paragraph, "employee" has the same meaning as in RSA 275-E:1, I.

**Source.** 2004, 167:2, eff. Jan. 1, 2005.

(UPDATED THROUGH P.L. 2008, ch. 102 and J.R.4)
TITLE 2A    ADMINISTRATION OF CIVIL AND CRIMINAL JUSTICE
2A:32C-2  Definitions relative to false claims.

**2A:32C-2  Definitions relative to false claims.**

2.    As used in this act:

"Attorney General" means the Attorney General of the State of New Jersey, or his designee.

"Claim" means a request or demand, under a contract or otherwise, for money, property, or services that is made to any employee, officer, or agent of the State, or to any contractor, grantee, or other recipient if the State provides any portion of the money, property, or services requested or demanded, or if the State will reimburse the contractor, grantee, or other recipient for any portion of the money, property, or services requested or demanded.  The term does not include claims, records, or statements made in connection with State tax laws.

"Knowing" or "knowingly" means, with respect to information, that a person:

(1)    has actual knowledge of the information; or

(2)    acts in deliberate ignorance of the truth or falsity of the information; or

(3)    acts in reckless disregard of the truth or falsity of the information.

No proof of specific intent to defraud is required.  Acts occurring by innocent mistake or as a result of mere negligence shall be a defense to an action under this act.

"State" means any of the principal departments in the Executive Branch of State government, and any division, board, bureau, office, commission or other instrumentality within or created by such department; and any independent State authority, commission, instrumentality or agency.

L.2007, c.265, s.2.

**2A:32C-3  Civil liability for false, fraudulent claim.**

3.    A person shall be jointly and severally liable to the State for a civil penalty of not less than and not more than the civil penalty allowed under the federal False Claims Act (31 U.S.C.s.3729 et seq.), as may be adjusted in accordance with the inflation adjustment procedures prescribed in the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub.L.101-410, for each false or fraudulent claim, plus three times the amount of damages which the State sustains, if the person commits any of the following acts:

a.    Knowingly presents or causes to be presented to an employee, officer or agent of the State, or to any contractor, grantee, or other recipient of State funds, a false or fraudulent claim for payment or approval;

b.    Knowingly makes, uses, or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State;

     c.    Conspires to defraud the State by getting a false or fraudulent claim allowed or paid by the State;

     d.    Has possession, custody, or control of public property or money used or to be used by the State and knowingly delivers or causes to be delivered less property than the amount for which the person receives a certificate or receipt;

     e.    Is authorized to make or deliver a document certifying receipt of property used or to be used by the State and, intending to defraud the entity, makes or delivers a receipt without completely knowing that the information on the receipt is true;

     f.    Knowingly buys, or receives as a pledge of an obligation or debt, public property from any person who lawfully may not sell or pledge the property; or

     g.    Knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State.

     L.2007, c.265, s.3.

**2A:32C-4  Reduction of treble damages by court, conditions.**

     4.    The court may reduce the treble damages authorized under section 3 of this act to not less than twice the amount of damages which the State sustains if the court finds all of the following:

     a.    The person committing the violation furnished officials of the State responsible for investigating false claims violations with all information known to such person about the violation within 30 days after the date on which the person first obtained the information;

     b.    The person fully cooperated with any government investigation of the violation; and

     c.    At the time such person furnished the State with information about the violation, no criminal prosecution, civil action, or administrative action had commenced with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation.

     L.2007, c.265, s.4.



**2A:32C-5 Investigation of violation; prosecution of actions.**

5. a. The Attorney General shall investigate a violation of this act. If the Attorney General finds that a person has violated or is violating this act, the Attorney General may bring a civil action in State or federal court against the person. The Superior Court shall have jurisdiction over a State action brought pursuant to this act.

b. A person may bring a civil action for a violation of this act for the person and for the State. Civil actions instituted under this act shall be brought in the name of the State of New Jersey.

c. A complaint filed by a person under this act shall remain under seal for at least 60 days and shall not be served on the defendant until the court so orders. Once filed, the action may be voluntarily dismissed by the person bringing the action if the Attorney General gives written consent to the dismissal along with the reason for consenting, and the court approves the dismissal.

d. A complaint alleging a false claim filed under this act shall be so designated when filed, in accordance with the Rules Governing the Courts of the State of New Jersey. Immediately upon filing of the complaint, the plaintiff shall serve by registered mail, return receipt requested, the Attorney General with a copy of the complaint and written disclosure of substantially all material evidence and information the person possesses. The Attorney General may elect to intervene and proceed with the action on behalf of the State within 60 days after it receives both the complaint and the material evidence and information.

e. If a person brings an action under this act and the action is based upon the facts underlying a pending investigation by the Attorney General, the Attorney General may take over the action on behalf of the State. In order to take over the action, the Attorney General shall give the person written notification within 30 days after notice of the action is served on the Attorney General that the Attorney General is conducting an investigation of the facts of the action and will take over the action.

f. The Attorney General may, for good cause shown, request that the court extend the time during which the complaint remains under seal. Any such motion may be supported by affidavits or other submissions in camera.

g. Before the expiration of the 60-day period or any extensions obtained under subsection f., the Attorney General shall:

(1) file a pleading with the court that he intends to proceed with the action, in which case the action is conducted by the Attorney General and the seal shall be lifted; or

(2) file a pleading with the court that he declines to proceed with the action, in which case the seal shall be lifted and the person bringing the action shall have the right to conduct the action.

h. The defendant's answer to any complaint filed under this act shall be filed in accordance with the Rules Governing the Courts of the State of New Jersey after the complaint is unsealed and served upon the defendant.

i. When a person files an action under this act, no other person except the State may intervene or bring a related action based on the facts underlying the pending action.

L.2007, c.265, s.5.

12/4/2008                    Conway Greene Co. - New Mexico St...

**State of New Mexico**

Quick search: [_____] [Search]   Advanced search: [Select Search Form ▼]

↩ **Prev Doc**   ↪ **Next Doc**   ✦ **Reference**   ⇔ **Sync Toc**

Click on a folder below to open:

⌐ State of New Mexico
  ⌐ New Mexico Statutes and Court
    ⌐ Statutory Chapters in New Mexico St
      ⌐ CHAPTER 44 Miscellaneous Civil I
        ⌐ ARTICLE 9 Fraud Against Taxpa

44-9-1. Short title. (2007)
44-9-2 Definitions (2007)
44-9-3 False claims, liability, penalties, ex
44-9-4 Investigation by the attorney gene
44-9-5 Civil action by qui tam plaintiff; sta
44-9-6 Rights of the qui tam plaintiff and ι
44-9-7 Awards to qui tam plaintiff and the
44-9-8 Award of attorney fees and costs t
44-9-9 Certain actions barred (2007)
44-9-10 State not liable (2007)
44-9-11 Employer interference with emplo
44-9-12 Limitation of actions, estoppel, st
44-9-13 Joint and several liability (2007)
44-9-14 Remedy not exclusive (2007)

## 44-9-3. False claims; liability; penalties; exception.

A.   A person shall not:

(1)     knowingly present, or cause to be presented, to an employee, officer or agent of the state or to a contractor, grantee or other recipient of state funds a false or fraudulent claim for payment or approval;

(2)     knowingly make or use, or cause to be made or used, a false, misleading or fraudulent record or statement to obtain or support the approval of or the payment on a false or fraudulent claim;

(3)     conspire to defraud the state by obtaining approval or payment on a false or fraudulent claim;

(4)     conspire to make, use or cause to be made or used, a false, misleading or fraudulent record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state;

(5)     when in possession, custody or control of property or money used or to be used by the state, knowingly deliver or cause to be delivered less property or money than the amount indicated on a certificate or receipt;

(6)     when authorized to make or deliver a document certifying receipt of property used or to be used by the state, knowingly make or deliver a receipt that falsely represents a material characteristic of the property;

(7)     knowingly buy, or receive as a pledge of an obligation or debt, public property from any person that may not lawfully sell or pledge the property;

(8)     knowingly make or use, or cause to be made or used, a false, misleading or fraudulent record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state; or

(9)     as a beneficiary of an inadvertent submission of a false claim and having subsequently discovered the falsity of the claim, fail to disclose the false claim to the state within a reasonable time after discovery.

B.   Proof of specific intent to defraud is not required for a violation of Subsection A of this section.

C.   A person who violates Subsection A of this section shall be liable for:

(1)     three times the amount of damages sustained by the state because of the violation;

(2)     a civil penalty of not less than five thousand dollars ($5,000) and not more than ten thousand dollars ($10,000) for each violation;

(3)     the costs of a civil action brought to recover damages or penalties; and

(4)     reasonable attorney fees, including the fees of the attorney general or state agency counsel.

D.   A court may assess not less than two times the amount of damages sustained by the state if the court finds all of the following:

(1)     the person committing the violation furnished the attorney general with all information known to that person about the violation within thirty days after the date on which the person first obtained the information;

(2)     at the time that the person furnished the attorney general with information about the violation, a criminal prosecution, civil action or administrative action had not been commenced with respect to the violation, and the person did not have actual knowledge of the existence of an investigation into the violation; and

(3)     the person fully cooperated with any investigation by the attorney general.

E.   This section does not apply to claims, records or statements made pursuant to the provisions of Chapter 7 NMSA 1978.

12/4/2008                         Conway Greene Co. - New Mexico St...

**State of New Mexico**          Quick search: [_____] [Search]   Advanced search: [Select Search Form ▼]

Click on a folder below to open:        ⚹ **Prev Doc**   ⚹ **Next Doc**   ⚹ **Reference**   ⚹ **Sync Toc**

🗁 State of New Mexico
  🗁 New Mexico Statutes and Court
    🗁 Statutory Chapters in New Mexico St
      🗁 CHAPTER 44 Miscellaneous Civil I
        🗁 ARTICLE 9 Fraud Against Taxpa

📄 44-9-1. Short title. (2007)
📄 44-9-2 Definitions (2007)
📄 44-9-3 False claims liability penalties ex
📄 44-9-4 Investigation by the attorney gene
📄 44-9-5 Civil action by qui tam plaintiff sta
📄 44-9-6 Rights of the qui tam plaintiff and
📄 44-9-7 Awards to qui tam plaintiff and the
📄 44-9-8 Award of attorney fees and costs t
📄 44-9-9 Certain actions barred (2007)
📄 44-9-10 State not liable (2007)
📄 44-9-11 Employer interference with emplo
📄 44-9-12 Limitation of actions estoppel st
📄 44-9-13 Joint and several liability (2007)
📄 44-9-14 Remedy not exclusive (2007)

**44-9-5. Civil action by qui tam plaintiff; state may intervene.**

A.    A person may bring a civil action for a violation of Section 3 of the Fraud Against Taxpayers Act [44-9-3 NMSA 1978] on behalf of the person and the state.  The action shall be brought in the name of the state.  The person bringing the action shall be referred to as the qui tam plaintiff.  Once filed, the action may be dismissed only with the written consent of the court, taking into account the best interest of the parties involved and the public purposes behind the Fraud Against Taxpayers Act [44-9-1 NMSA 1978].

B.    A complaint filed by a qui tam plaintiff shall be filed in camera in district court and shall remain under seal for at least sixty days.  No service shall be made on a defendant and no response is required from a defendant until the seal has been lifted and the complaint served pursuant to the rules of civil procedure.

C.    On the same day as the complaint is filed, the qui tam plaintiff shall serve the attorney general with a copy of the complaint and written disclosure of substantially all material evidence and information the qui tam plaintiff possesses.  The attorney general on behalf of the state may intervene and proceed with the action within sixty days after receiving the complaint and the material evidence and information.  Upon a showing of good cause and reasonable diligence in the state's investigation, the state may move the court for an extension of time during which the complaint shall remain under seal.

D.    Before the expiration of the sixty-day period or any extensions of time granted by the court, the attorney general shall notify the court that the state:

(1)    intends to intervene and proceed with the action; in which case, the seal shall be lifted and the action shall be conducted by the attorney general on behalf of the state; or

(2)    declines to take over the action; in which case, the seal shall be lifted and the qui tam plaintiff may proceed with the action.

E.    When a person brings an action pursuant to this section, no person other than the attorney general on behalf of the state may intervene or bring a related action based on the facts underlying the pending action.

12/4/2008                                          Laws of New York

Laws of New York                                                 Help
Search Word or Phrase [                                    ]
[ Search ]
Return to *Main Menu*   Laws Menu   STF   Article 13

§ 189. Liability for certain acts. 1. Subject to the provisions of subdivision two of this section, any person who:

(a) knowingly presents, or causes to be presented, to any employee, officer or agent of the state or a local government, a false or fraudulent claim for payment or approval;

(b) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state or a local government;

(c) conspires to defraud the state or a local government by getting a false or fraudulent claim allowed or paid;

(d) has possession, custody, or control of property or money used, or to be used, by the state or a local government and, intending to defraud the state or a local government or willfully to conceal the property or money, delivers, or causes to be delivered, less property or money than the amount for which the person receives a certificate or receipt;

(e) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the state or a local government and, intending to defraud the state or a local government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(f) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the state or a local government knowing that the officer or employee lawfully may not sell or pledge the property; or

(g) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or a local government;
shall be liable: (i) to the state for a civil penalty of not less than six thousand dollars and not more than twelve thousand dollars, plus three times the amount of damages which the state sustains because of the act of that person; and (ii) to any local government for three times the amount of damages sustained by such local government because of the act of that person.

2. The court may assess not more than two times the amount of damages sustained because of the act of the person described in subdivision one of this section, if the court finds that:

(a) the person committing the violation of this section had furnished all information known to such person about the violation, to those officials responsible for investigating false claims violations on behalf of the state and any local government that sustained damages, within thirty days after the date on which such person first obtained the information;

(b) such person fully cooperated with any government investigation of such violation; and

(c) at the time such person furnished information about the violation, no criminal prosecution, civil action, or administrative action had commenced with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation.

3. A person who violates this section shall also be liable for the costs, including attorneys' fees, of a civil action brought to recover any such penalty or damages.

4. This section shall not apply to claims, records, or statements made under the tax law.

§63-5053.  Short title.
      This act shall be known and may be cited as the
"Oklahoma Medicaid False Claims Act".
Added by Laws 2007, c. 137, § 1, eff. Nov. 1, 2007.

§63-5053.1.  Definitions - Civil penalty for false or
fraudulent claims.
      A.  For purposes of this section:
      1.  "Knowing" and "knowingly" mean that a person, with
respect to information:
                  a.    has actual knowledge of the information,
                  b.    acts in deliberate ignorance of the truth or
                        falsity of the information, or
                  c.    acts in reckless disregard of the truth or
                        falsity of the information.
No proof of specific intent to defraud is required; and
      2.  "Claim" includes any request or demand, whether
under a contract or otherwise, for money or property which
is made to a contractor, grantee, or other recipient if
this state provides any portion of the money or property
which is requested or demanded, or if the state will
reimburse the contractor, grantee, or other recipient for
any portion of the money or property which is requested or
demanded.
      B.  Any person who:
      1.  Knowingly presents, or causes to be presented, to
an officer or employee of the State of Oklahoma, a false or
fraudulent claim for payment or approval;
      2.  Knowingly makes, uses, or causes to be made or
used, a false record or statement to get a false or
fraudulent claim paid or approved by the state;
      3.  Conspires to defraud the state by getting a false
or fraudulent claim allowed or paid;
      4.  Has possession, custody, or control of property or
money used, or to be used, by the state and, intending to
defraud the state or willfully to conceal the property,
delivers, or causes to be delivered, less property than the
amount for which the person receives a certificate or
receipt;
      5.  Is authorized to make or deliver a document
certifying receipt of property used, or to be used, by the
state and, intending to defraud the state, makes or
delivers the receipt without completely knowing that the
information on the receipt is true;
      6.  Knowingly buys, or receives as a pledge of an
obligation or debt, public property from an officer or

employee of the state, who lawfully may not sell or pledge
the property; or
    7.  Knowingly makes, uses, or causes to be made or
used, a false record or statement to conceal, avoid, or
decrease an obligation to pay or transmit money or property
to the state,
is liable to the State of Oklahoma for a civil penalty of
not less than Five Thousand Dollars ($5,000.00) and not
more than Ten Thousand Dollars ($10,000.00), unless a
penalty is imposed for the act of that person in violation
of this subsection under the federal False Claims Act for
the same or a prior action, plus three times the amount of
damages which the state sustains because of the act of that
person.
    C.  If the court finds that:
    1.  The person committing the violation in subsection B
of this section furnished officials of this state
responsible for investigating false claims violations with
all information known to such person about the violation
within thirty (30) days after the date on which the
defendant first obtained the information;
    2.  The person fully cooperated with any state
investigation of the violation; and
    3.  At the time the person furnished the state with the
information about the violation, no criminal prosecution,
civil action, or administrative action had commenced under
Title 63 of the Oklahoma Statutes with respect to the
violation, and the person did not have actual knowledge of
the existence of an investigation into the violation,
the court may assess not less than two times the amount of
damages which the state sustains because of the act of the
person.  A person violating subsection B of this section
shall also be liable to this state for the costs of a civil
action brought to recover any such penalty or damages.
    D.  Any information furnished pursuant to subsections A
through C of this section shall be exempt from disclosure
under the Oklahoma Open Records Act.
    E.  This section does not apply to claims, records or
statements under the Oklahoma Tax Code.
Added by Laws 2007, c. 137, § 2, eff. Nov. 1, 2007.

§63-5053.2.  Civil actions by Attorney General or
individual persons authorized - Complaint procedure.
    A.  The Attorney General shall diligently investigate a
violation under the Oklahoma Medicaid False Claims Act.  If
the Attorney General finds that a person has violated or is
violating the Oklahoma Medicaid False Claims Act, the

Attorney General may bring a civil action under this
section against the person.

    B.  1.  A person may bring a civil action for a
violation of the Oklahoma Medicaid False Claims Act for the
person and for this state.  The action shall be brought in
the name of the state.  The action may be dismissed only if
the court and the Attorney General give written consent to
the dismissal and state the reasons for consenting.

    2.  A copy of the complaint and written disclosure of
substantially all material evidence and information the
person possesses shall be served on the state pursuant to
Section 2004 of Title 12 of the Oklahoma Statutes.  The
complaint shall be filed in camera, shall remain under seal
for at least sixty (60) days, and shall not be served on
the defendant until the court so orders.  The state may
elect to intervene and proceed with the action within sixty
(60) days after it receives both the complaint and the
material evidence and information.

    3.  The state may, for good cause shown, move the court
for extensions of the time during which the complaint
remains under seal under paragraph 2 of this subsection.
Any such motions may be supported by affidavits or other
submissions in camera.  The defendant shall not be required
to respond to any complaint filed under this section until
twenty (20) days after the complaint is unsealed and served
upon the defendant pursuant to Section 2004 of Title 12 of
the Oklahoma Statutes.

    4.  Before the expiration of the sixty-day period or
any extensions obtained under paragraph 3 of this
subsection, the state shall:

            a.   proceed with the action, in which case the
                action shall be conducted by the state, or

            b.   notify the court that it declines to take
                over the action, in which case the person
                bringing the action shall have the right to
                conduct the action.

    5.  When a person brings an action under this section,
under the federal False Claims Act, or under any similar
provision of the law of any other state, no person other
than the state may intervene or bring a related action
based on the facts underlying the pending action.
Added by Laws 2007, c. 137, § 3, eff. Nov. 1, 2007.

§63-5053.3.  Actions brought by individuals – Participation
by state – Procedure.

    A.  If the state proceeds with the action pursuant to
Section 3 of the Oklahoma Medicaid False Claims Act, it

shall have the primary responsibility for prosecuting the
action, and shall not be bound by an act of the person
bringing the action.   Such person shall have the right to
continue as a party to the action, subject to the
limitations set forth in paragraph 1 of subsection B of
Section 3 of this act.

    1.   The state may dismiss the action notwithstanding
the objections of the person initiating the action if the
person has been notified by the state of the filing of the
motion and the court has provided the person with an
opportunity for a hearing on the motion.

    2.   The state may settle the action with the defendant
notwithstanding the objections of the person initiating the
action if the court determines, after a hearing, that the
proposed settlement is fair, adequate, and reasonable under
all the circumstances.   Upon a showing of good cause, the
hearing may be held in camera.

    3.   Upon a showing by the state that unrestricted
participation during the course of the litigation by the
person initiating the action would interfere with or unduly
delay the state's prosecution of the case, or would be
repetitious, irrelevant, or for purposes of harassment, the
court may, in its discretion, impose limitations on the
participation of the person, such as:

        a.   limiting the number of witnesses the person
           may call,

        b.   limiting the length of the testimony of the
           witnesses,

        c.   limiting the person's cross-examination of
           witnesses, or

        d.   otherwise limiting the participation by the
           person in the litigation.

    4.   Upon a showing by the defendant that unrestricted
participation during the course of the litigation by the
person initiating the action would be for purposes of
harassment or would cause the defendant undue burden or
unnecessary expense, the court may limit the participation
by the person in the litigation.

    B.   If the state elects not to proceed with the action,
the person who initiated the action shall have the right to
conduct the action.   If the state so requests, it shall be
served with copies of all pleadings filed in the action and
shall be supplied with copies of all deposition transcripts
at the expense of the state.   When a person proceeds with
the action, the court, without limiting the status and
rights of the person initiating the action, may

nevertheless permit the state to intervene at a later date
upon a showing of good cause.

C.   Whether or not the state proceeds with the action,
upon a showing by the state that certain actions of
discovery by the person initiating the action would
interfere with the state's investigation or prosecution of
a criminal or civil matter arising out of the same facts,
the court may stay the discovery for a period of not more
than sixty (60) days.  Such a showing shall be conducted in
camera.  The court may extend the sixty-day period upon a
further showing in camera that the state has pursued the
criminal or civil investigation or proceedings with
reasonable diligence and any proposed discovery in the
civil action will interfere with the ongoing criminal or
civil investigation or proceedings.

D.   Notwithstanding subsection B of Section 3 of this
act, the state may elect to pursue its claim through any
alternate remedy available to the state, including any
administrative proceeding to determine a civil money
penalty.  If any alternate remedy is pursued in another
proceeding, the person initiating the action shall have the
same rights in the proceeding as the person would have had
if the action had continued under this section.  Any
finding of fact or conclusion of law made in the other
proceeding that has become final shall be conclusive on all
parties to an action under this section.  For purposes of
this subsection, a finding or conclusion is final if it has
been finally determined on appeal to the appropriate court
of the State of Oklahoma, if all time for filing the appeal
with respect to the finding or conclusion has expired, or
if the finding or conclusion is not subject to judicial
review.
Added by Laws 2007, c. 137, § 4, eff. Nov. 1, 2007.


§63-5053.4.  Actions brought by individuals - Share of
proceeds of actions or settlement - Award of expenses,
fees, and costs.

A.   1.  If the state proceeds with an action brought by
a person under subsection B of Section 3 of this act, the
person shall, subject to paragraph 2 of this subsection,
receive at least fifteen percent (15%) but not more than
twenty-five percent (25%) of the proceeds of the action or
settlement of the claim, depending upon the extent to which
the person substantially contributed to the prosecution of
the action.

2.  Where the action is one which the court finds to be
based primarily on disclosures of specific information

other than information provided by the person bringing the action relating to allegations or transactions in a criminal, civil, or administrative hearing, in a Congressional, legislative, administrative, or State Auditor and Inspector report, hearing, audit, or investigation, or from the news media, the court may award such sums as it considers appropriate, but in no case more than ten percent (10%) of the proceeds, taking into account the significance of the information and the role of the person bringing the action in advancing the case to litigation.

3.  Any payment to a person under paragraph 1 or 2 of this subsection shall be made from the proceeds.  Any such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorney fees and costs.  All such expenses, fees, and costs shall be awarded against the defendant.

B.  If the state does not proceed with an action under this section, the person bringing the action or settling the claim shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages. The amount shall be not less than twenty-five percent (25%) and not more than thirty percent (30%) of the proceeds of the action or settlement and shall be paid out of the proceeds.  The person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorney fees and costs.  All such expenses, fees, and costs shall be awarded against the defendant.

C.  Whether or not the state proceeds with the action, if the court finds that the action was brought by a person who planned, initiated, or participated in the violation of the Oklahoma Medicaid False Claims Act upon which the action was brought, then the court may, to the extent the court considers appropriate, reduce the share of the proceeds of the action which the person would otherwise receive under subsection A or B of this section to no more than ten percent (10%), taking into account the role of that person in advancing the case to litigation and any relevant circumstances pertaining to the violation.  If the person bringing the action is convicted of criminal conduct arising from his or her role in the violation of the Oklahoma Medicaid False Claims Act, that person shall be dismissed from the civil action and shall not receive any share of the proceeds of the action.  The dismissal shall not prejudice the right of this state to continue the

action, represented by the Office of the Attorney General
or its assigns.

D.   The court shall reduce the share of the proceeds of
the action which the person would otherwise receive to no
more than ten percent (10%) of the proceeds of the action
if:

1.   An action brought under subsection B of Section 3
of this act· is based upon allegations or transactions of
which the person bringing the action became aware while
employed by, or under contract to, or serving as an agent
for a defendant; and

2.   The person bringing the action failed to make an
effective disclosure of those allegations or transactions
under the corporate compliance plan of that defendant.

E.   If the state does not proceed with the action and
the person bringing the action conducts the action, the
court may award to the defendant its reasonable attorney
fees and expenses if the defendant prevails in the action
and the court finds that the claim of the person bringing
the action was clearly frivolous, clearly vexatious, or
brought primarily for purposes of harassment.
Added by Laws 2007, c. 137, § 5, eff. Nov. 1, 2007.

§63-5053.5.   Prohibition of certain individual actions -
Limitation of court jurisdiction - Liability for expenses
or fees - Relief following adverse acts.

A.   In no event may a person bring an action under
subsection B of Section 3 of this act which is based upon
allegations or transactions which are the subject of a
civil suit or an administrative civil money penalty
proceeding in which the state is already a party.

B.   No court shall have jurisdiction over an action
under this section based upon the public disclosure of
allegations or transactions in a criminal, civil, or
administrative hearing, in a Congressional, legislative,
administrative, or State Auditor and Inspector report,
hearing, audit, or investigation, or from the news media,
unless the action is brought by the Attorney General or the
person bringing the action is an original source of the
information.   For purposes of this subsection, "original
source" means an individual who has direct and independent
knowledge of the information on which the allegations are
based and has voluntarily provided the information to the
state before filing an action under this section which is
based on the information.

C.   In no event may a person bring an action under
subsection B of Section 3 of this act that is based on

allegations or transactions that the person knew or had reason to know were known to the Attorney General or the other law enforcement officials of the state prior to that person filing the action or serving the disclosure of the material evidence.

D.   The state is not liable for expenses which a person incurs in bringing an action under this section.

E.   In civil actions brought under this section by this state, the provisions of Title 28 of the Oklahoma Statutes shall apply.

F.   Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this act, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed, shall be entitled to all relief necessary to make the employee whole.  Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorney fees.  An employee may bring an action in the appropriate district court of the State of Oklahoma for the relief provided in this subsection.

Added by Laws 2007, c. 137, § 6, eff. Nov. 1, 2007.

§63-5053.6.   Service of subpoena - Limitation of actions - Burden of proof - Res judicata.

A.   A subpoena requiring the attendance of a witness at a trial or hearing conducted under subsection B of Section 3 of the Oklahoma Medicaid False Claims Act may be served at any place in Oklahoma.

B.   A civil action under subsection B of Section 3 of this act may not be brought:

1.   More than six (6) years after the date on which the violation of the Oklahoma Medicaid False Claims Act is committed; or

2.   More than three (3) years after the date when facts material to the right of action are known or reasonably should have been known by the official of the State of Oklahoma charged with responsibility to act in the circumstances, but in no event more than ten (10) years after the date on which the violation is committed, whichever occurs last.

C.   In any action brought under subsection B of Section 3 of this act, this state shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence.

D.   Notwithstanding any other provision of law, a final judgment rendered in favor of this state in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under this act.

Added by Laws 2007, c. 137, § 7, eff. Nov. 1, 2007.

§63-5053.7.   Jurisdiction.

A.   Any action under subsection B of Section 3 of the Oklahoma Medicaid False Claims Act may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by the Oklahoma Medicaid False Claims Act occurred.   A summons as required by Section 2004 of Title 12 of the Oklahoma Statutes shall be issued by the appropriate district court and served at any place within or outside the State of Oklahoma.

B.   The district courts shall have jurisdiction over any action brought under the laws of the state for the recovery of funds paid by a state or local government if the action arises from the same transaction or occurrence as an action brought under subsection B of Section 3 of this act.

Added by Laws 2007, c. 137, § 8, eff. Nov. 1, 2007.

§ 8.01-216.3. False claims; civil penalty.

A. Any person who:

1. Knowingly presents, or causes to be presented, to an officer or employee of the Commonwealth a false or fraudulent claim for payment or approval;

2. Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Commonwealth;

3. Conspires to defraud the Commonwealth by getting a false or fraudulent claim allowed or paid;

4. Has possession, custody, or control of property or money used, or to be used, by the Commonwealth and, intending to defraud the Commonwealth or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;

5. Authorizes to make or deliver a document certifying receipt of property used, or to be used, by the Commonwealth and, intending to defraud the Commonwealth, makes or delivers the receipt without completely knowing that the information on the receipt is true;

6. Knowingly buys or receives as a pledge of an obligation or debt, public property from an officer or employee of the Commonwealth who lawfully may not sell or pledge the property; or

7. Knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Commonwealth;

shall be liable to the Commonwealth for a civil penalty of not less than $5,500 and not more than $11,000, plus three times the amount of damages sustained by the Commonwealth.

A person violating this section shall be liable to the Commonwealth for reasonable attorney fees and costs of a civil action brought to recover any such penalties or damages. All such fees and costs shall be paid to the Attorney General's Office by the defendant and shall not be included in any damages or civil penalties recovered in a civil action based on a violation of this section.

B. If the court finds that (i) the person committing the violation of this section furnished officials of the Commonwealth responsible for investigating false claims violations with all information known to the person about the violation within 30 days after the date on which the defendant first obtained the information; (ii) such person fully cooperated with any Commonwealth investigation of such violation; (iii) at the time such person furnished the Commonwealth with the information about the violation, no criminal prosecution, civil action, or administrative action had commenced with respect to such violation, and (iv) the person did not have actual knowledge of the existence of an investigation into such violation, the court may assess not less than two times the amount of damages that the Commonwealth sustains because of the act of the person. A person violating this section shall also be liable to the Commonwealth for the costs of a civil action brought to recover any such penalty or damages.

C. For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required.

D. This section shall not apply to claims, records or statements relating to state or local taxes.

(2002, c. 842; 2004, c. 589; 2007, c. 569.)

**prev** | **next** | **new search** | **table of contents** | **home**

12/4/2008                              District of Columbia Official Code

    **D.C. Council Home**                    **Home  Search  Help**  ©

# Welcome to the online source for the District of Columbia Official Code

DC ST § 2-308.14
Formerly cited as DC ST 1981 § 1-1188.14

DC ST § 2-308.14

Formerly cited as DC ST 1981 § 1-1188.14

District of Columbia Official Code 2001 Edition <u>Currentness</u>
 Division I. Government of District.

  Title 2. Government Administration. (Refs & Annos)

   Chapter 3. Procurement. (Refs & Annos)

    Unit A. Procurement Practices for the District Government.

    Subchapter VIII. Administrative and Civil Remedies.

     Part C. Procurement Related Claims.

➡ **§ 2-308.14. False claims liability, treble damages, costs, and civil penalties; exceptions.**

(a) Any person who commits any of the following acts shall be liable to the District for 3 times the amount of damages which the District sustains because of the act of that person. A person who commits any of the following acts shall also be liable to the District for the costs of a civil action brought to recover penalties or damages, and may be liable to the District for a civil penalty of not less than $5,000, and not more than $10,000, for each false claim for which the person:

 (1) Knowingly presents, or causes to be presented, to an officer or employee of the District a false claim for payment or approval;

 (2) Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false claim paid or approved by the District;

 (3) Conspires to defraud the District by getting a false claim allowed or paid by the District;

 (4) Has possession, custody, or control of public property or money used, or to be used, by the District and knowingly delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;

 (5) Is authorized to make or deliver a document certifying receipt of property used, or to be used, by the District and knowingly makes or delivers a document that falsely represents the property used or to be used;

 (6) Knowingly buys, or receives as a pledge of an obligation or debt, public property from any person who lawfully may not sell or pledge the property;

 (7) Knowingly makes or uses, or causes to be made or used, a false record or statement to

(7) Knowingly makes or uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the District;

(8) Is a beneficiary of an inadvertent submission of a false claim to the District, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the District; or

(9) Is the beneficiary of an inadvertent payment or overpayment by the District of monies not due and knowingly fails to repay the inadvertent payment or overpayment to the District.

(b) Notwithstanding subsection (a) of this section, the court may assess not more than two times the amount of damages which the District sustains because of the act of the person, and there shall be no civil penalty, if the court finds all of the following:

(1) The person committing the violation furnished officials of the District responsible for investigating false claims violations with all information known to that person about the violation within 30 days after the date on which the person first obtained the information;

(2) The person fully cooperated with any investigation by the District; and

(3) At the time the person furnished the District with information about the violation, no criminal prosecution, civil action, or administrative action had commenced with respect to the violation, and the person did not have actual knowledge of the existence of an investigation into the violation.

(c) Liability pursuant to this section shall be joint and several for any act committed by 2 or more persons.

(d) This section shall not apply to the following:

(1) Workers' compensation claims filed pursuant to Chapter 15 of Title 32;

(2) Unemployment compensation claims filed pursuant to Chapter 1 of Title 51; and

(3) Claims, records, or statements made pursuant to those portions of Title 47 of the District of Columbia Official Code that refer or relate to taxation.

CREDIT(S)

(Feb. 21, 1986, D.C. Law 6-85, § 814, 32 DCR 7396, as added May 8, 1998, D.C. Law 12-104, § 2(g), 45 DCR 1687.)

HISTORICAL AND STATUTORY NOTES

Prior Codifications

1981 Ed., § 1-1188.14.

Legislative History of Laws

For legislative history of D.C. Law 12-104, see Historical and Statutory Notes following § 2-308.07.

DC CODE § 2-308.14

Current through October 15, 2008

12/4/2008            District of Columbia Official Code

Copyright © 2008 By The District of Columbia. All Rights Reserved.
END OF DOCUMENT

(C) 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Docs In Sequence    Table of Contents

This site is provided by West.
© 2008 West | Privacy |
Accessibility



# LOCAL LAWS
## OF
## THE CITY OF NEW YORK
### FOR THE YEAR 2005

---

### No. 53

---

Introduced by Council Member Yassky and The Speaker (Council Member Miller), also Council Members Perkins, Moskowitz, Clarke, Koppell, Liu, Nelson, Recchia, Stewart, Weprin, Gennaro and Brewer.

## A LOCAL LAW

**To amend the administrative code of the city of New York, in relation to creating civil penalties and a private right of action for false or fraudulent claims.**

*Be it enacted by the Council as follows:*

Section 1. Legislative findings and intent. The city of New York engages in annual disbursements of billions of dollars in public funds through one of the largest budgets in the United States, and is, therefore, desirous of preventing the payment of fraudulent claims by the city at taxpayers' expense. Compensation by the city of claims that are false or fraudulent has a considerable impact upon the city's treasury through the loss of untold amounts of public dollars.

The federal false claims act provides an excellent model for combating fraud by government contractors and other parties. Since the federal false claims act was substantially amended in 1986, the federal government has recovered billions of dollars under the act. Additionally, a number of states have enacted civil false claims statutes of their own in order to impede fraud in state programs and to protect state treasuries.

The Council therefore finds that the city of New York should enact legislation modeled on the federal false claims act, to enhance the city's ability to recover monetary damages from parties who file fraudulent claims for payment of city funds and to recover the substantial costs that are incurred in protecting the taxpayers against such fraud.

§2. Title 7 of the administrative code of the city of New York is hereby amended by adding a new chapter 8 to read as follows:

### CHAPTER 8
### NEW YORK CITY FALSE CLAIMS ACT

| | |
|---|---|
| §7-801. | Short title. |
| §7-802. | Definitions. |
| §7-803. | False claims. |
| §7-804. | Civil actions for false claims. |
| §7-805. | Remedies of employees. |
| §7-806. | Limitation of actions; burden of proof. |

2

§7-807.      *Other law enforcement authority and duties.*
§7-808.      *Annual report.*
§7-809.      *Comptroller.*
§7-810.      *Regulations.*

§7-801. **Short title.** This chapter shall be known as the "New York city false claims act."

§7-802. **Definitions.** For purposes of this chapter, the following terms shall mean:

1. "City" means the city of New York, and any city agency, department, division or bureau, and any board, committee, institution, agency of government, local development corporation or public benefit corporation, the majority of whose members are appointed by city officials.

2. "Civil enforcement action" means a legal action brought pursuant to section 7-804 of this chapter for the commission of any act or acts described in subdivision a of section 7-803 of this chapter.

3. "Claim" means any request or demand, whether under a contract or otherwise, for money or property which is made to any employee, officer, or agent of the city, or to any contractor, grantee or other recipient, if the city provides the money or property which is requested or demanded or will reimburse such contractor, grantee or other recipient for the money or property which is requested or demanded. "Claim" also encompasses any record or statement used in presenting an obligation to pay or transmit money or property either directly or indirectly to the city.

4. "False claim" means any claim, or information relating to a claim, which is false or fraudulent.

5. "Knowing" and "knowingly" mean that with respect to information, a person: (i) has actual knowledge of the falsity of the information, or (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information. Proof of specific intent to defraud is not required.

6. "Person" means any natural person, corporation, partnership, firm, organization, association or other legal entity or individual, other than the city.

7. "State" means the state of New York and any state department, agency, board, bureau, division, commission, committee, public benefit corporation, public authority, council, office or other entity performing governmental or proprietary function for the state.

§7-803. **False claims.** a. Any person who:

1. knowingly presents, or causes to be presented, to any city officer or employee, a false claim for payment or approval by the city;

2. knowingly makes, uses, or causes to be made or used, a false record or statement to get a false claim paid or approved by the city;

3. conspires to defraud the city by getting a false claim allowed or paid by the city;

4. has possession, custody, or control of property or money used, or to be used, directly or indirectly, by the city and, intending to defraud the city or willfully conceal the property or money, delivers, or causes to be delivered, less property or money than the amount for which the person receives a certificate or receipt;

5. is authorized to make or deliver a document certifying receipt of property used, or to be used, directly or indirectly, by the city and, intending to defraud the city, makes or delivers the receipt without completely knowing that the information on the receipt is true;

3

6. *knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the city knowing that such officer or employee lawfully may not sell or pledge the property; or*

7. *knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease, directly or indirectly, an obligation to pay or transmit money or property to the city;*

*shall be liable to the city for three times the amount of damages which the city sustains because of the act or acts of such person, and a civil penalty of between five thousand and fifteen thousand dollars for each violation of this section, except that any party to a civil enforcement action commenced may request the court to assess, and the court may agree to so assess, not more than two times the amount of damages sustained because of the act or acts of such person if all of the following circumstances are found:*

*(i)  The person committing the violation of section 7-803 of this chapter had furnished all information known to such person about such act or acts to (a) the commissioner of investigation or (b) the corporation counsel or a city agency head, who shall refer such information to the commissioner of investigation, and has furnished such information within thirty days of the date on which such person first obtained the information;*

*(ii).  such person fully cooperated with any government investigation of such violation; and*

*(iii).  at the time such person furnished information about the violation, no criminal or civil action or proceeding, or administrative action had commenced with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation.*

*b.  A person who violates this section shall also be liable for the costs, expenses and attorneys' fees of a civil enforcement action and for the cost of the city's investigation.*

*§7-804.  Civil actions for false claims. a.  If the corporation counsel finds that a person has violated or is violating the provisions of section 7-803 of this chapter, he or she may institute a civil enforcement action against that person in any court of competent jurisdiction.*

*b.    1.  Any person may submit a proposed civil complaint to the city alleging violations of section 7-803.  Proposed civil complaints shall be signed and verified and shall include all material evidence and information possessed by such person in support of the allegations in such proposed civil complaints.  The city shall diligently investigate all such proposed civil complaints.  The city may request such additional information as it deems necessary from the person submitting a proposed civil complaint.*

*2. The corporation counsel and the commissioner of investigation shall promulgate rules establishing a protocol detailing the procedures by which the city will address proposed civil complaints after they have been submitted, which protocol shall include the requirement that within one hundred eighty days of receipt of a proposed civil complaint, the city shall, in writing, notify the person who submitted the proposed civil complaint that the corporation counsel:*

*(i)  intends to commence a civil enforcement action based on the facts alleged in the proposed civil complaint against one or more of the defendants named in the proposed civil complaint, in which case he or she shall commence such action within ninety days of such notification, provided that if the corporation counsel determines that a delay in commencing such action is warranted, he or she may delay such commencement, upon notice to the person who submitted the proposed civil complaint, for an additional ninety days at which time he or she shall commence such action;*

4

*(ii)  designates the person or, if the person is not an attorney, the attorney of such person, as a special assistant corporation counsel for purposes of filing a civil enforcement action against one or more of the defendants named in the proposed civil complaint; or*

*(iii)  declines to commence a civil enforcement action or designate such person to commence a civil enforcement action in which case the corporation counsel shall state in the notification its reason for doing so.*

*3. The corporation counsel shall commence a civil enforcement action or designate the person who submitted the proposed civil complaint or, if the person is not an attorney, his or her attorney, to commence a civil enforcement action unless:*

*(i) the proposed civil complaint is barred for the reasons set forth in subdivision d of this section;*

*(ii) the corporation counsel has determined that the proposed civil complaint is based upon an interpretation of law or regulation which if adopted, would result in significant cost to the city;*

*(iii) the corporation counsel has determined that commencing a civil enforcement action would interfere with a contractual relationship between the city and an entity providing goods or services which would significantly interfere with the provision of important goods or services, or would jeopardize the health and safety of the public; or*

*(iv) the corporation counsel has determined that the complaint, if filed in a court of competent jurisdiction, would be dismissed for failure to state a claim upon which relief may be based.*

*c.  If the commissioner of investigation determines that a civil enforcement action may interfere with or jeopardize an investigation by a governmental agency, then the corporation counsel may decline to commence a civil enforcement action based on a proposed civil complaint or to designate the person who submitted such proposed civil complaint to commence such action, provided that the corporation counsel notifies the person who submitted the proposed civil complaint of such determination within ninety days of receipt by the city of such proposed civil complaint and every one hundred eighty days thereafter until such time as the commissioner of investigation determines that such civil enforcement action would no longer interfere with or jeopardize a governmental investigation, at which time the corporation counsel shall provide to the person who submitted the proposed complaint the notification required in paragraph two of subdivision b of this section.  The determination by the commissioner of investigation shall be final.*

*d.  Certain actions barred.  This section shall not apply to claims, records, or statements made pursuant to federal, state or local tax law nor to any proposed civil complaints:*

*1. based upon one or more false claims with a cumulative value of less than twenty five thousand dollars;*

*2. based upon allegations or transactions which are the subject of any pending criminal or civil action or proceeding, including a civil enforcement action, or an administrative action in which the city is already a party;*

*3. derived from public disclosure of allegations or transactions in a criminal, civil or administrative hearing, in a legislative or administrative report, hearing, audit or investigation, or upon allegations or transactions disclosed by the news media and likely to be seen by the city officials responsible for addressing false claims, unless the person who submitted the proposed complaint is the primary source of the information;*

5

4. based upon information discovered by an employee of the city, state or federal government in the course of his or her employment unless: (i) such employee first reported such information to the department of investigation; and (ii) the city failed to act on the information within six months of its receipt by the department of investigation; or

5. against the federal government, the state of New York, the city or any officer or employee acting within the scope of his or her employment.

e. Nothing herein shall be construed as authorizing anyone other than the corporation counsel and a person or attorney authorized pursuant to this chapter to commence a civil enforcement action to represent the city of New York in legal proceedings.

f. Pending and related actions. 1. No person, other than the corporation counsel, may intervene or bring a related action based upon the facts underlying a civil enforcement action, unless such other person has first obtained the permission of the corporation counsel to intervene or to bring such related action.

2. Regardless of whether the corporation counsel has commenced a civil enforcement action or another party has been designated to do so, the city may elect to pursue any alternate action with respect to the presentation of false claims, provided that the person who submitted the proposed civil complaint upon which such alternate action is based, if any, shall be entitled to the same percentage share of any cash proceeds recovered by the city as such person would have been entitled to if such alternate action was a civil enforcement action.

g. Rights of the parties. 1. If the corporation counsel elects to commence a civil enforcement action, then the city shall have the sole authority for prosecuting, and, subject to the approval of the comptroller, settling the action and may move to dismiss the action, or may settle the action notwithstanding the objections of the person who submitted the proposed civil complaint upon which such civil enforcement action is based.

2. If a person who submitted a proposed complaint or his or her attorney has been designated to commence a civil enforcement action, then the corporation counsel and such authorized person or attorney shall share authority for prosecuting the case. However, the corporation counsel may move to dismiss the action notwithstanding the objection of the person who submitted the proposed civil complaint provided such person has been served with an appropriate motion and the court has provided such person with an opportunity to be heard. The corporation counsel may also, subject to the approval of the comptroller, settle the action notwithstanding the objection of the person who submitted the proposed civil complaint if the court determines after providing such person with an opportunity to be heard, that the proposed settlement is fair, adequate, and reasonable.

3. The corporation counsel may apply to the court for and the court may issue an order restricting the participation of a person designated to commence a civil enforcement action in such litigation notwithstanding the objections of such person if the court determines, after providing such person an opportunity to be heard, that such person's unrestricted participation during the course of the litigation would interfere with or unduly delay the prosecution of the case, or would be repetitious or irrelevant, or upon a showing by the defendant that such person's unrestricted participation during the course of the litigation would be for purposes of harassment or would cause the defendant undue burden. Such restrictions may include, but need not be limited to: (i) limiting the number of witnesses such person may call, (ii) limiting the length of the

6

*testimony of such witnesses, (iii) limiting such person's cross-examination of witnesses, or (iv) otherwise limiting such person's participation in the litigation.*

*4. The corporation counsel may apply to the court for a stay of any civil enforcement action if it will interfere with any investigation or prosecution of a criminal matter arising out of the same facts.*

*h. Under no circumstances shall the city be bound by an act of a person designated to commence a civil enforcement action.*

*i. Awards from proceeds. 1. If the corporation counsel has elected to commence a civil enforcement action based on a proposed civil complaint, then the person or persons who submitted such proposed civil complaint collectively shall be entitled to receive between ten and twenty-five percent of the proceeds recovered in such civil enforcement action or in settlement of such action.*

*2. If a person, or such person's attorney has been designated to commence a civil enforcement action based on such person's proposed civil complaint, then such person shall be entitled to receive between fifteen and thirty percent of the proceeds recovered in such civil enforcement action or in settlement of such action.*

*3. The court shall determine the share of the proceeds to which a person submitting a proposed complaint is entitled, and may take into account the following factors:*

*(i) the extent to which the person who submitted the proposed civil complaint contributed to the prosecution of the action, either in time, effort or finances;*

*(ii) whether the civil enforcement action was based primarily on information provided by the person who submitted the proposed civil complaint, rather than information derived from public sources such as allegations or transactions in a criminal, civil or administrative hearing, in a legislative or administrative report, hearing, audit or investigation, or from the news media;*

*(iii) any unreasonable delay by such person in submitting the proposed civil complaint;*

*(iv) the extent to which the allegations involve a significant safety issue;*

*(v) whether the person who submitted the proposed civil complaint that formed the basis of the civil enforcement action initiated the violation of section 7-803 of this chapter alleged in such action, in which case the percentage share of the proceeds of the action that such person would otherwise receive under this section may be reduced below the minimum percentages set forth in paragraphs one and two of this subdivision, taking into account the role of such person in advancing the case to litigation and any relevant circumstances including those pertaining to the violation;*

*(vi) whether the person who submitted the proposed civil complaint that formed the basis of the civil enforcement action has been charged with criminal conduct arising from his or her role in the alleged violation of section 7-803 of this chapter, in which case such person shall not receive any share of the proceeds of the action if convicted on such charges; and*

*(vii) fundamental fairness and any other factors the corporation counsel and the court deem appropriate.*

*j. Costs, expenses and attorneys' fees. 1. In any civil enforcement action commenced pursuant to this chapter, the corporation counsel, or a person designated to commence such civil enforcement action, if applicable, may apply for an amount of reasonable expenses, plus reasonable attorneys' fees, plus costs. Costs and expenses shall include costs incurred by the department of investigation in investigating the false claim and prosecuting conduct relating thereto. All such expenses, attorneys' fees and costs shall*

7

*be awarded directly against the defendant and shall not be charged from the proceeds, but shall only be awarded if the city prevails in the action.*

*2. In a civil enforcement action commenced by a designated person or such person's attorney the defendant may apply for an amount of reasonable expenses, plus reasonable attorneys' fees, plus costs and the court may award such expenses, attorneys' fees and costs if it determines that such civil enforcement action was frivolous. All such expenses, attorneys' fees and costs shall be awarded directly against the person or person's attorney that commenced the action.*

*k. The city shall not be liable for any expenses, attorneys' fees or costs that a person or a person's attorney incurs in submitting a proposed civil complaint or commencing or litigating a civil enforcement action pursuant to this section.*

***§7-805. Remedies of employees.** a. 1. Any officer or employee of the city of New York who believes that he or she has been the subject of an adverse personnel action, as such term is defined in paragraph one of subdivision a of section 12-113 of the administrative code of the city of New York; or*

*(2) any officer or employee of the city or state of New York, who believes that he or she has been the subject of a retaliatory action, as defined by section seventy-five-b of the civil service law; or*

*(3) any non-public employee who believes that he or she has been the subject of a retaliatory action by his or her employer, as defined by section seven hundred forty of the labor law because of lawful acts of such employee in furtherance of a civil enforcement action brought under this section, including the investigation, initiation, testimony, or assistance in connection with, a civil enforcement action commenced or to be commenced under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include but not be limited to: (i) an injunction to restrain continued discrimination, (ii) reinstatement to the position such employee would have had but for the discrimination or to an equivalent position, (iii) reinstatement of full fringe benefits and seniority rights, (iv) payment of two times back pay, plus interest, and (v) compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.*

*b. An employee described in subdivision a of this section may bring an action in any court of competent jurisdiction for the relief provided in this section.*

***§7-806. Limitation of actions; burden of proof.** a. A civil enforcement action shall be commenced no later than the latest following date: (i) six years after the date on which the violation of section 7-803 is committed, or (ii) three years after the date when facts material to the right of action are known or reasonably should have been known by the corporation counsel or the department of investigation, not to exceed ten years after the date on which the violation is committed.*

*b. In any civil enforcement action, all essential elements of the cause of action, including damages, shall be proven by a preponderance of the evidence.*

***§7-807. Other law enforcement authority and duties.** This chapter shall not be construed as: (i) affecting the authority, or relieving the duty, of any federal, state or local law enforcement agency to investigate and prosecute suspected violations of law, (ii) preventing or prohibiting a person from voluntarily disclosing any information concerning a violation of section 7-803 to any such law enforcement agency, (iii) limiting any of the powers granted to the city, elsewhere in this chapter or under other laws, to investigate possible violations of this chapter and take actions against wrongdoers, or (iv) diminishing in any way the responsibility of city employees to report any wrongdoing to the commissioner of investigation pursuant to any executive order or statute.*

8

§ 7-808. **Annual report.** *Not later than March first of each year following the year of enactment, the corporation counsel shall transmit to the mayor and the speaker of the council a report setting forth, with respect to the prior calendar year, the following information:*

*1. The number of proposed civil complaints submitted pursuant to section 7-804;*

*2. The number of proposed civil complaints resulting in the corporation counsel commencing a civil enforcement action based upon such submission;*

*3. The number of proposed civil complaints resulting in the corporation counsel designating the person, or such person's attorney, to act as a special assistant corporation counsel for purposes of commencing a civil enforcement action;*

*4. The disposition of each civil enforcement action filed, including*

*(i) whether the case was based on a proposed civil complaint; and*

*(ii) the monetary value of the award or settlement in each action commenced by the person who submitted a proposed civil complaint to the city; and*

*(iii) the monetary value of any award or settlement in each action commenced by the city.*

*5. The number of proposed civil complaints under review by the city and pending a determination by the corporation counsel as to the commencement of a civil enforcement action;*

*6. The number of proposed civil complaints for which the corporation counsel determined not to commence a civil enforcement action and a statistical summary of the reasons for such determinations; and*

*7. Any other information related to proposed civil complaints submitted pursuant to section 7-804 which the corporation counsel deems appropriate.*

§7-809. **Comptroller.** *Nothing in the local law that added this chapter is intended to modify, supersede or in any way diminish the powers granted to the comptroller pursuant to section ninety-three of the charter to settle and adjust all claims for the city.*

§7-810. **Regulations.** *The corporation counsel and the commissioner of investigation shall promulgate such rules as are necessary to effectuate the purposes of this chapter.*

§3. Severability. If any provision of this local law is adjudged by any court of competent jurisdiction to be invalid, such judgment will not affect, impair or invalidate the remainder thereof, but will be confined in its operation to the provision thereof directly involved in the controversy in which such judgment was rendered.

§4. This local law shall take effect 90 days after it shall have been enacted into law, shall apply to claims filed or presented prior to, on or after such date, and shall remain in effect until the first day of June, 2012 when it shall be deemed repealed; provided, however, that such expiration date shall not apply to any civil enforcement action brought pursuant to section 7-804 of the administrative code of the city of New York that was commenced prior to such date but has not by such date reached a final disposition.


THE CITY OF NEW YORK, OFFICE OF THE CITY CLERK, s.s.:

I hereby certify that the foregoing is a true copy of a local law of the City of New York, passed by the Council on May 11, 2005, and approved by the Mayor on May 19, 2005.

VICTOR L. ROBLES, City Clerk of the Council

9

CERTIFICATION PURSUANT TO MUNICIPAL HOME RULE LAW §27

   Pursuant to the provisions of Municipal Home Rule Law §27, I hereby certify that the enclosed Local Law (Local Law 53 of 2005, Council Int. No. 630) contains the correct text and:


   Received the following vote at the meeting of the New York City Council on May 11, 2005:   50 for, 0 against, 0 not voting.
   Was signed by the Mayor on May 19, 2005.
   Was returned to the City Clerk on May 20, 2005.

                         JEFFREY D. FRIEDLANDER, Acting Corporation Counsel

# Chicago False Claims Act

**BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF CHICAGO:**

## Chapter 1-21 False Statements

### 1-21-010 False Statements.

Any person who knowingly makes a false statement of material fact to the city in violation of any statute, ordinance or regulation, or who knowingly falsifies any statement of material fact made in connection with an application, report, affidavit, oath, or attestation, including a statement of material fact made in connection with a bid, proposal, contract or economic disclosure statement or affidavit, is liable to the city for a civil penalty of not less than $500 and not more than $1,000, plus up to three times the amount of damages which the city sustains because of the person's violation of this Section. A person who violates this Section shall also be liable for the city's litigation and collection costs and attorney's fees.

The penalties imposed by this section shall be in addition to any other penalty provided for in the municipal code.

### 1-21-020 Aiding and Abetting.

Any person who aids, abets, incites, compels or coerces the doing of any act prohibited by this chapter shall be liable to the city for the same penalties for the violation.

### 1-21-030 Enforcement.

In addition to any other means authorized by law, the corporation counsel may enforce this chapter by instituting an action with the department of administrative hearings.

**SECTION 2.** This ordinance shall be in full force and effect from and after its passage and publication.

■_____■

**SECTION 1.** Title 1 of the Municipal Code of Chicago is hereby amended by adding a new Chapter 1-22, as follows:

**Chapter 1-22 False Claims**

## 1-22-010 Definitions.

As used in this chapter:

"Claim" includes any request or demand, whether under a contract or otherwise, for money or property which is made by a city contractor, grantee, or other recipient if the city is the source of any portion of the money or property which is requested or demanded, or if the city will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

"Contract" means any agreement or transaction pursuant to which a person (i) receives or may be entitled to receive city funds or other property, including grant funds, in consideration for services, work or goods provided or rendered, including contracts for legal or other professional services, (ii) purchases the city's real or personal property or is granted the right to use it by virtue of a lease, license or otherwise, or (iii) collects monies (other than taxes) on behalf of the city.

"City contractor" means a person who enters into a contract or who has taken any action to obtain a contract, or any owner, officer, director, employee or agent of such a person, or any subcontractor, or any person acting in concert or conspiring with such person, but shall not include any person who is a city official or employee or was a city official or employee at the time of the alleged conduct.

"Investigation" means any inquiry conducted by any investigator for the purpose of ascertaining whether any person is or has been engaged in any violation of this chapter.

"Knowing" and "knowingly" mean that a person, with respect to information:

(1) has actual knowledge of the information;

(2) acts in deliberate ignorance of the truth or falsity of the information; or

(3) acts in reckless disregard of the truth or falsity of the information,

regardless of whether there is specific proof of intent to defraud.


## 1-22-020 False Claims.

Any person who:

(1) knowingly presents, or causes to be presented, to an official or employee of the city a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the city;

(3) conspires to defraud the city by getting a false or fraudulent claim allowed or paid;

(4) has possession, custody, or control of property or money used, or to be used, by the city and,

intending to defraud the city or to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;

(5) authorized to make or deliver a document certifying receipt of property used, or to be used, by the city and, intending to defraud the city, makes or delivers the receipt without complete knowledge that the information on the receipt is true;

(6) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the city who lawfully may not sell or pledge the property; or

(7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the city,

is liable to the city for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages which the city sustains because of the act of that person. A person violating this section shall also be liable to the city for the attorneys' fees and costs of a civil action brought to recover any such penalty or damages.

### 1-22-030 Civil actions for false claims.

(a) The corporation counsel may bring a civil action under this section against any person who has violated or is violating section 1-22-020.

(b) Actions by private persons.

(1) A person may bring a civil action against a city contractor for a violation of section 1-22-020 for the person and for the city. The action shall be brought in the name of the city. The action may be dismissed only if the court and the corporation counsel give written consent to the dismissal and their reasons for consenting.

(2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the city. In all such actions, service upon the city shall be made by leaving a copy with the city clerk. The compliant shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The city may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

(3) The city may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera. The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant.

(4) Before the expiration of the 60-day period or any extensions obtained under paragraph (3), the city shall:

> (A) proceed with the action, in which case the
> action shall be conducted by the city; or

> (B) notify the court that it declines to take over
> the action, in which case the person bringing the
> action shall have the right to conduct the action.

(5) When a person brings an action under this subsection (b), no person other than the city may

intervene or bring a related action based on the facts underlying the pending action.

(c) Rights of the parties to Qui Tam actions.

(1) If the city proceeds with the action, it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action. Such person shall have the right to continue as a party to the action, subject to the limitations set forth in paragraph (2).

(2) (A) The city may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the city of the filing of the motion to dismiss and the court has provided the person with an opportunity for a hearing on the motion.

(B) The city may settle the action with the defendant notwithstanding the objections of the person initiating the action if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances. Upon a showing of good cause, such hearing may be held in camera.

(C) Upon a showing by the city that unrestricted participation during the course of the litigation by the person initiating the action would interfere with or unduly delay the city's prosecution of the case, or would be repetitious, irrelevant, or for purposes of harassment, the court may, in its discretion, impose limitations on the person's participation, such as:

(i) limiting the number of witnesses the person may call;

(ii) limiting the length of the testimony of such witnesses;

(iii) limiting the person's cross-examination of the witnesses; or

(iv) otherwise limiting the participation by the person in the litigation.

(D) Upon a showing by the defendant that unrestricted participation during the course of the litigation by the person initiating the action would be for purposes of harassment or would cause the defendant undue burden or unnecessary expense, the court may limit the participation by the person in the litigation.

(3) If the city elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action. If the city so requests, it shall be served with copies of all pleadings filed in the action and shall be supplied with copies of all discovery and deposition transcripts at the city's expense. When a person proceeds with the action, the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the city to intervene at a later date upon a showing of good cause.

(4) Whether or not the city proceeds with the action, upon a showing by the city that certain actions of discovery by the person initiating the action would interfere with the city's investigation or prosecution of a criminal or civil matter arising out of the same facts, the court may stay such discovery for a period of not more than 60 days. Such a showing shall be conducted in camera. The court may extend the 60-day period upon a further showing in camera that the city has pursued the criminal or civil investigation or proceedings with reasonable diligence and any proposed discovery in the civil action will interfere with the ongoing criminal or civil investigation or proceeding.

(5) Notwithstanding any other provision in subsection (b), the city may elect to pursue its claim through any alternate remedy available to the city, including an administrative proceeding in the Department of Administrative Hearings. If any such alternate remedy is pursued in another

proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under this section. Any finding of fact or conclusion of law made in such other proceeding that has become final shall be conclusive on all parties to an action under this section. For purposes of the preceding sentence, a finding or conclusion is final if it has been finally determined on appeal to the appropriate court, if all time for filing such an appeal with respect to the finding or conclusion has expired, or if the finding or conclusion is not subject to judicial review.

(d) Award to Qui Tam plaintiff.

(1) If the city proceeds with an action brought by a person under this section, such person shall, subject to the second sentence of this paragraph, receive at least 15% but not more than 25% of the proceeds of the action or settlement of the claim, depending upon the extent to which the person substantially contributed to the prosecution of the action. Where the action is one which the court finds to be based primarily on disclosures of specific information (other than information provided by the person bringing the action) relating to allegations or transactions in a criminal, civil, or administrative hearing, in a legislative, administrative, or Inspector General's report, hearing, audit, or investigation, or from the news media, the court may award such sums as it considers appropriate, but in no case more than 10% of the proceeds, taking into account the significance of the information and the role of the person bringing the action in advancing the case to litigation.

(2) If the city does not proceed with an action under this section and the action is successfully brought or the claim is settled by another person, that person shall, subject to the exception set forth in this paragraph, receive an amount which the court decides is reasonable for collecting the civil penalty and damages. The amount shall be not less than 25% and not more than 30% of the proceeds of the action or settlement and shall be paid out of such proceeds.

(3) Any person entitled to an award under paragraphs (1) and (2) of this subsection (d) shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. The city shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred by the corporation counsel, including reasonable attorney's fees and costs. All such expenses, fees and costs awarded pursuant to this subsection (d) shall be awarded against the defendant.

(4) Whether or not the city proceeds with the action, if the court finds that the action was brought by a person who planned, initiated or participated in the violation of section 1-22-020 upon which the action was brought, then the court may, to the extent the court considers appropriate, reduce the share of the proceeds of the action which the person would otherwise receive under paragraph (1) or (2) of this subsection, taking into account the role of that person in advancing the case to litigation and any relevant circumstances pertaining to the violation. If the person bringing the action is convicted of criminal conduct arising from his or her role in the violation of section 1-22-020, that person shall be dismissed from the civil action and shall not receive any share of the proceeds of the action. Such dismissal shall not prejudice the right of the city to continue the action.

(5) If the city does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

(e) In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative proceeding in which the city is already a party.

(f) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a legislative, administrative, or Inspector General's report, hearing, audit, or investigation, or from the news media, unless the action is brought by the corporation counsel or the person bringing the action is an original source of the information. For purposes of this subsection (f), "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the city before filing an action under this section which is based on the information.

(g) The city is not liable for expenses, including attorney's fees, which a person incurs in bringing an action under this section.

### 1-22-040 False claims procedure.

(a) A subpoena requiring the attendance of a witness at a trial or hearing conducted under section 1-22-030 may be served at any place in the state.

(b) A civil action under section 1-22-030 may not be brought:

> (1) more than 6 years after the date on which the violation of section 1-22-020 is committed; or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the city charged with responsibility to act in the circumstances, but in no even more than 10 years after the date on which the violation is committed,

whichever occurs last.

(c) In any action brought under section 1-22-030, the city shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence.

(d) Notwithstanding any other provision of law, a final judgement rendered in favor of the city in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 1-22-030.

### 1-22-050 Subpoenas.

(a) In general. (1) Issuance and service. Whenever the corporation counsel has reason to believe that any person may be in possession, custody, or control of any documentary material or information relevant to an investigation, the corporation counsel may, before commencing a civil proceeding under this chapter, issue in writing and cause to be served upon such person, a subpoena requiring such person:

(A) to produce such documentary material for inspection and copying,

(B) to answer, in writing, written interrogatories with respect to such documentary material or information,

(C) to give oral testimony concerning such documentary material or information, or

12/5/2008                                    Chicago False Claims Act

(D) to furnish any combination of such material, answers, or testimony.

Whenever a subpoena is an express demand for any product of discovery, the corporation counsel shall cause to be served, in any manner authorized by this Section, a copy of such demand upon the person from whom the discovery was obtained and shall notify the person to whom such demand is issued of the date on which such copy was served.

(2) Contents and deadlines. Each subpoena issued under paragraph (1):

(A) Shall state the nature of the conduct constituting an alleged violation that is under investigation and the applicable provision of law alleged to be violated.

(B) Shall identify the individual causing the subpoena to be served and to whom communications regarding the subpoena should be directed.

(C) Shall state the date, place, and time at which the person is required to appear, produce written answers to interrogatories, produce documentary material or give oral testimony. The date shall not be less than 10 days from the date of service of the subpoena. Compliance with the subpoena shall be at the office of the corporation counsel.

(D) If the subpoena is for documentary material or interrogatories, shall describe the documents or information requested with specificity.

(E) Shall notify the person of the right to be assisted by counsel.

(F) Shall advise that the person has 20 days from the date of service or up until the return date specified in the demand, whichever date is earlier, to move, modify, or set aside the subpoena pursuant to subparagraph (j)(2)(A) of this Section.

(b) Protected material or information.

(1) In general. A subpoena issued under subsection (a) may not require the production of any documentary material, the submission of any answers to written interrogatories, or the giving of any oral testimony if such material, answers, or testimony would be protected from disclosure under:

(A) the standards applicable to subpoenas or subpoenas duces tecum issued by a court of this state to aid in a grand jury investigation; or

(B) the standards applicable to discovery requests under the code of civil procedure, to the extent that the application of such standards to any such subpoena is appropriate and consistent with the provisions and purposes of this Section.

(2) Effect on other orders, rules, and laws. Any such subpoena which is an express demand for any product of discovery supersedes any inconsistent order, rule, or provision of law (other than this Section) preventing or restraining disclosure of such product of discovery to any person. Disclosure of any product of discovery pursuant to any such subpoena does not constitute a waiver of any right or privilege which the person making such disclosure may be entitled to invoke to resist discovery of trial preparation materials.

(c) Service in general. Any subpoena issued under subsection (a) may be served by any person so authorized by the corporation counsel or by any person authorized to serve process on individuals within Illinois, through any method prescribed in the code of civil procedure or as otherwise set forth in this chapter. (d) Service upon legal entities and natural persons. (1) Legal entities. Service of

any subpoena issued under subsection (a) or of any petition filed under subsection (j) may be made upon a partnership, corporation, association, or other legal entity by:

(A) delivering an executed copy of such subpoena or petition to any partner, executive officer, managing agent, general agent, or registered agent of the partnership, corporation, association or entity;

(B) delivering an executed copy of such subpoena or petition to the principal office or place of business of the partnership, corporation, association, or entity; or

(C) depositing an executed copy of such subpoena or petition in the United States mails by registered or certified mail, with a return receipt requested, addressed to such partnership, corporation, association, or entity as its principal office or place of business.

(2) Natural person. Service of any such subpoena or petition may be made upon any natural person by:

(A) delivering an executed copy of such subpoena or petition to the person; or

(B) depositing an executed copy of such subpoena or petition in the United States mail by registered or certified mail, with a return receipt requested, addressed to the person at the person's residence or principal office or place of business.

(e) Proof of service. A verified return by the individual serving any subpoena issued under subsection (a) or any petition filed under subsection (j) setting forth the manner of such service shall be proof of such service. In the case of service by registered or certified mail, such return shall be accompanied by the return post office receipt of delivery of such subpoena. (f) Documentary material. (1) Sworn certificates. The production of documentary material in response to a subpoena served under this Section shall be made under a sworn certificate, in such form as the subpoena designates, by:

(A) in the case of a natural person, the person to whom the subpoena is directed, or

(B) in the case of a person other than a natural person, a person having knowledge of the facts and circumstances relating to such production and authorized to act on behalf of such person.

The certificate shall state that all of the documentary material required by the demand and in the possession, custody, or control of the person to whom the subpoena is directed has been produced and made available to the corporation counsel.

(2) Production of materials. Any person upon whom any subpoena for the production of documentary material has been served under this Section shall make such material available for inspection and copying to the corporation counsel at the place designated in the subpoena, or at such other place as the corporation counsel and the person thereafter may agree and prescribe in writing, or as the court may direct under subsection (j)(1). Such material shall be made so available on the return date specified in such subpoena, or on such later date as the corporation counsel may prescribe in writing. Such person may, upon written agreement between the person and the corporation counsel, substitute copies for originals of all or any part of such material.

(g) Interrogatories. Each interrogatory in a subpoena served under this Section shall be answered separately and fully in writing under oath and shall be submitted under a sworn certificate, in such form as the subpoena designates by: (1) in the case of a natural person, the person to whom the subpoena is directed, or

(2) in the case of a person other than a natural person, the person or persons responsible for answering each interrogatory.

If any interrogatory is objected to, the reasons for the objection shall be stated in the certificate instead of an answer. The certificate shall state that all information required by the subpoena and in the possession, custody, control, or knowledge of the person to whom the demand is directed has been submitted. To the extent that any information is not furnished, the information shall be identified and reasons set forth with particularity regarding the reasons why the information was not furnished. (h) Oral examinations. (1) Procedures. The examination of any person pursuant to a subpoena for oral testimony served under this Section shall be taken before an officer authorized to administer oaths and affirmations by the laws of this state or of the place where the examination is held. The officer before whom the testimony is to be taken shall put the witness on oath or affirmation and shall, personally or by someone acting under the direction of the officer and in the officer's presence, record the testimony of the witness. The testimony shall be taken stenographically and shall be transcribed. When the testimony is fully transcribed, the officer before whom the testimony is taken shall promptly transmit a certified copy of the transcript of the testimony in accordance with the instructions of the corporation counsel. This subsection shall not preclude the taking of testimony by any means authorized by, and in a manner consistent with, the code of civil procedure.

(2) Persons present. The investigator conducting the examination shall exclude from the place where the examination is held all persons except the person giving the testimony, the attorney for and any other representative of the person giving the testimony, the attorney for the city, any person who may be agreed upon by the attorney for the city and the person giving the testimony, the officer before whom the testimony is to be taken, and any stenographer taking such testimony.

(3) Where testimony taken. The oral testimony of any person taken pursuant to a subpoena served under this section shall be taken in the county within which such person resides, is found, or transacts business, or in such other place as may be agreed upon by the corporation counsel and such person.

(4) Transcript of testimony. When the testimony is fully transcribed, the corporation counsel or the officer before whom the testimony is taken shall afford the witness, who may be accompanied by counsel, a reasonable opportunity to review and correct the transcript, in accordance with the rules applicable to deposition witnesses in civil cases. Upon payment of reasonable charges, the corporation counsel shall furnish a copy of the transcript to the witness, except that the corporation counsel may, for good cause, limit the witness to inspection of the official transcript of the witness' testimony.

(5) Conduct of oral testimony. (A) Any person compelled to appear for oral testimony under a subpoena issued under subsection (a) may be accompanied, represented, and advised by counsel, who may raise objections based on matters of privilege in accordance with the rules applicable to depositions in civil cases. If such person refuses to answer any question, a petition may be filed in circuit court under subsection (j)(1) for an order compelling such person to answer such question.

(B) If such person refuses any question on the grounds of the privilege against self -incrimination, the testimony of such person may be compelled in accordance with article 106 of the code of criminal procedure of 1963.

(6) Witness fees and allowances. Any person appearing for oral testimony under a subpoena issued under subsection (a) shall be entitled to the same fees and allowances which are paid to witnesses in the circuit court.

(i) Custodians of documents, answers, and transcripts. (1) Designation. The corporation counsel shall serve as custodian of documentary material, answers to interrogatories, and transcripts of oral testimony received under this section.

(2) Except as otherwise provided in this section, no documentary material, answers to interrogatories, or transcripts of oral testimony, or copies thereof, while in the possession of the custodian, shall be available for examination by any individual, except as determined necessary by the corporation counsel and subject to the conditions imposed by him or her for effective enforcement of the laws of this city, or as otherwise provided by court order.

(3) Conditions for return of material. If any documentary material has been produced by any person in the course of any investigation pursuant to a subpoena under this section and:

(A) any case or proceeding before the court or grand jury arising out of such investigation, or any proceeding before any city agency involving such material, has been completed, or

(B) no case or proceeding in which such material may be used has been commenced within a reasonable time after completion of the examination and analysis of all documentary material and other information assembled in the course of such investigation,

the custodian shall, upon written request of the person who produced such material, return to such person any such material which has not passed into the control of any court, grand jury, or agency through introduction into the record of such case or proceeding.

(j) Judicial proceedings. (1) Petition for enforcement. Whenever any person fails to comply with any subpoena issued under subsection (a), or whenever satisfactory copying or reproduction of any material requested in such demand cannot be done and such person refuses to surrender such material, the corporation counsel may file, in the circuit court of any county in which such person resides, is found, or transacts business, or the circuit court of the county in which an action filed pursuant to section 1-22-030 is pending if the action relates to the subject matter of the subpoena and serve upon such person a petition for an order of such court for the enforcement of the subpoena.

(2) Petition to modify or set aside subpoena. (A) Any person who has received a subpoena issued under subsection (a) may file, in the circuit court of any county within which such person resides, is found, or transacts business, and serve upon the corporation counsel a petition for an order of the court to modify or set aside such subpoena. In the case of a petition addressed to an express demand for any product of discovery, a petition to modify or set aside such demand may be brought only in the circuit court of the county in which the proceeding in which such discovery was obtained is or was last pending. Any petition under this subparagraph (A) must be filed:

>           (i) within 20 days after the date of service of the subpoena, or at any
>           time before the return date specified in the subpoena, whichever date is
>           earlier, or

(ii) within such longer period as may be prescribed in writing by the corporation counsel. (B) The petition shall specify each ground upon which the petitioner relies in seeking relief under subparagraph (A), and may be based upon any failure of the subpoena to comply with the provisions of this section or upon any constitutional or other legal right or privilege of such person. During the pendency of the petition in the court, the court may stay, as it deems proper, the running of the time allowed for compliance with the subpoena, in whole or in part, except that the person filing the petition shall comply with any portion of the subpoena not sought to be modified or set aside.

(3) Petition to modify or set aside demand for product of discovery. In the case of any subpoena issued under subsection (a) which is an express demand for any product of discovery, the person from whom such discovery was obtained may file, in the circuit court of the county in which the proceeding in which such discovery was obtained is or was last pending, a petition for an order of such court to modify or set aside those portions of the subpoena requiring production of any such product of discovery, subject to the same terms, conditions, and limitations set forth in subparagraph (j)(2) of this section.

(4) Jurisdiction. Whenever any petition is filed in any circuit court under this subsection (j), such court shall have jurisdiction to hear and determine the matter so presented, and to enter such orders as may be required to carry out the provisions of this section. Any final order so entered shall be subject to appeal in the same manner as appeals of other final orders in civil matters. Any disobedience of any final order entered under this section by any court shall be punished as a contempt of the court.

(k) Disclosure exemption. Any documentary material, answers to written interrogatories, or oral testimony provided under any subpoena issued under subsection (a) shall be exempt from disclosure under the Illinois Administrative Procedure Act.

### 1-22-060 Procedure.

The Illinois code of civil procedure shall apply to all proceedings under this chapter, except when that code is inconsistent with this chapter.

**SECTION 2.** This ordinance shall be in full force and effect from and after its passage and publication.

■_____■

**SECTION 1.** Chapter 2-152 of the Municipal Code of Chicago is hereby amended by inserting a new Section 2-152-171, as follows:

### 2-152-171 Whistle blower protection.

(a) For the purposes of this section:

(1) "Public body" means (i) any office or department of the City; (ii) the federal government; (iii) any local law enforcement agency or prosecutorial office; (iv) any federal or State judiciary, grand or petit jury, or law enforcement agency; and (v) any officer, employee, department, agency, or other division of any of the foregoing.

(2) "Retaliatory action" means the reprimand, discharge, suspension, demotion, or denial of promotion or transfer of any employee that is taken in retaliation for an employee's involvement

in protected activity as set forth in subsection (b) of this section.

(3) "City contractor" means a "city contractor" as defined in section 1-22-020.

(b) No person shall take any retaliatory action against an employee because the employee does any of the following:

(1) Discloses or threatens to disclose to a supervisor or to a public body an activity, policy, or practice of any officer, employee, or city contractor that the employee reasonably believes evidences: (i) an unlawful use of funds, unlawful use of authority, or other unlawful conduct that poses a substantial and specific danger to public health or safety by any officer, employee or city contractor; or (ii) any other violation of a law, rule, or regulation by any officer, employee, or city contractor; or

(2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any activity, policy, or practice described in subsection (b)(1).

(c) If any action is taken against an employee in violation of this section, the employee shall be entitled to injunctive relief, including:

(1) reinstatement of the employee to either the same position held before the retaliatory action or to an equivalent position;

(2) two times the amount of back pay; and

(3) reinstatement of full fringe benefits and seniority rights.

**SECTION 2.** This ordinance shall be in full force and effect from and after its passage and publication.



**Cornell University**
**Law School**

                                    Search Law School        Search Cornell

LII / Legal Information Institute

# U.S. Code collection

TITLE 31 > SUBTITLE III > CHAPTER 37 > SUBCHAPTER III > § 3729
## § 3729. False claims

**(a) Liability for Certain Acts.—** Any person who—

   **(1)** knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

   **(2)** knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;

   **(3)** conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

   **(4)** has possession, custody, or control of property or money used, or to be used, by the Government and, intending to defraud the Government or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;

   **(5)** authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

   **(6)** knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge the property; or

   **(7)** knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person, except that if the court finds that—

   **(A)** the person committing the violation of this subsection furnished officials of the United States responsible for investigating false claims violations with all information known to such person about the violation within 30 days after the date on which the defendant first obtained the information;

   **(B)** such person fully cooperated with any Government investigation of such violation; and

   **(C)** at the time such person furnished the United States with the information

12/9/2008                                    US CODE: Title 31,3729. False claims

about the violation, no criminal prosecution, civil action, or administrative action had commenced under this title with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation;

the court may assess not less than 2 times the amount of damages which the Government sustains because of the act of the person. A person violating this subsection shall also be liable to the United States Government for the costs of a civil action brought to recover any such penalty or damages.

**(b) Knowing and Knowingly Defined.—** For purposes of this section, the terms "knowing" and "knowingly" mean that a person, with respect to information—

    **(1)** has actual knowledge of the information;

    **(2)** acts in deliberate ignorance of the truth or falsity of the information; or

    **(3)** acts in reckless disregard of the truth or falsity of the information,

and no proof of specific intent to defraud is required.

**(c) Claim Defined.—** For purposes of this section, "claim" includes any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

**(d) Exemption From Disclosure.—** Any information furnished pursuant to subparagraphs (A) through (C) of subsection (a) shall be exempt from disclosure under section 552 of title 5.

**(e) Exclusion.—** This section does not apply to claims, records, or statements made under the Internal Revenue Code of 1986.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

# Exhibit B

## Service List

**California**
Julia Clayton
California Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Jacqueline Dale
California Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

**Delaware**
Office of the Attorney General
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

**Florida**
Office of Attorney General
State of Florida
The Capitol PL-01
Tallahassee, FL 32399-1050

Florida Chief Financial Advisor
200 East Gaines Street
Tallahassee, FL 32399-0300

**Hawaii**
Department of the Attorney General
425 Queen Street
Honolulu, HI 96813

**Illinois**
Office of the Attorney General
Chicago Main Office
100 West Randolph Street
Chicago, IL 60601

Chicago City Clerk
City Hall Office
121 N. LaSalle St., Room 107
Chicago, IL 60602

**Indiana**
Office of the Indiana Attorney General
Indiana Government Center South
302 W. Washington St.
Indianapolis, IN 46204

Office of the Inspector General
150 West Market Street, Room 414
Indianapolis, IN 46204

**Massachusetts**
Office of the Attorney General
One Ashburton Place
Boston, MA 02108

**Nevada**
Office of the Attorney General
100 North Carson Street
Carson City, NV 89701-4717

**New Hampshire**
Office of the Attorney General
33 Capitol Street
Concord, NH 03301

**New Jersey**
Office of the Attorney General
P.O. Box 080
Trenton, NJ 08625-0080

**New Mexico**
Office of the Attorney General
408 Galisteo Street
Villagra Building
Santa Fe, NM 87501

**New York**
Office of the Attorney General
The Capitol
Albany, NY 12224-0341

**New York (cont.)**
Complaint Bureau
New York City Department of Investigation
80 Maiden Lane
New York, NY 10038

**Oklahoma**
Office of the Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

**Rhode Island**
Office of the Attorney General
150 South Main Street
Providence, RI 02903

**Virginia**
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

**District of Columbia**
Office of the Attorney General
441 4th Street NW, Suite 1060 N
Washington, DC 20001

**United States Attorney General**
Sara Winslow
US Attorney General's Office
Affirmative Civil Enforcement (ACE) Unit
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

# Exhibit C

## Table 2
## Intercept Orders Issued by Judges During Calendar Year 2003

| Reporting Jurisdiction | Number of Intercept Orders | | | | | Number of Extensions | Avg. Length (in Days) | | Total Number of Days in Operation | Location Authorized in Original Application | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Authorized | Amended | No Prosecutor's Report | Never Installed | Installed* | | Original Authorization | Extensions | | Personal Residence | Business | Portable Device | Combination** | Other | Roving | None Specified |
| TOTAL | 1,442 | 47 | 45 | 30 | 1,367 | 1,145 | 29 | 29 | 60,198 | 118 | 35 | 1,165 | 95 | 23 | 6 | - |
| FEDERAL | 578 | 5 | - | 2 | 576 | 392 | 30 | 30 | 24,889 | 18 | 12 | 503 | 36 | 8 | 1 | - |
| **ARIZONA** | | | | | | | | | | | | | | | | |
| MARICOPA | 5 | | | | 5 | 2 | 18 | 30 | 74 | | | 4 | 1 | | | |
| STATE ATTORNEY GENERAL | 8 | 3 | 1 | | 7 | 12 | 30 | 29 | 502 | | | 5 | 3 | | | |
| YUMA | 1 | | | | 1 | | 30 | | 5 | | | 1 | | | | |
| **CALIFORNIA** | | | | | | | | | | | | | | | | |
| CONTRA COSTA | 4 | 1 | | | 4 | 2 | 30 | 30 | 157 | | | 3 | 1 | | | |
| IMPERIAL | 7 | | | | 7 | 1 | 30 | 30 | 197 | | | 7 | | | | |
| KERN | 4 | | | | 4 | 1 | 30 | 30 | 104 | | | 3 | | 1 | | |
| LOS ANGELES | 118 | | 12 | | 106 | 30 | 30 | 30 | 3,653 | 4 | | 94 | 17 | 3 | | |
| MARIN | 1 | | | | 1 | 2 | 30 | 30 | 22 | | | | 1 | | | |
| ORANGE | 9 | | | 1 | 8 | 1 | 30 | 30 | 231 | | | 8 | 1 | | | |
| RIVERSIDE | 10 | | | | 10 | 3 | 30 | 30 | 368 | 1 | | 8 | 1 | | | |
| SACRAMENTO | 1 | | | | 1 | | 30 | | 30 | | | 1 | | | | |
| SAN DIEGO | 14 | | | | 14 | 10 | 30 | 30 | 651 | 1 | | 12 | 1 | | | |
| SAN FRANCISCO | 3 | | | | 3 | | 30 | | 74 | | | 1 | 2 | | | |
| SAN LUIS OBISPO | 1 | 1 | | | 1 | 6 | 30 | 30 | 203 | | | 1 | | | | |
| SANTA CLARA | 1 | | | | 1 | | 30 | | 19 | 1 | | | | | | |
| SHASTA | 4 | | | 1 | 3 | 2 | 30 | 30 | 119 | 2 | | 2 | | | | |
| STANISLAUS | 3 | | | | 3 | | 30 | | 42 | | | 3 | | | | |
| TEHAMA | 1 | | | | 1 | | 30 | | 30 | | | 1 | | | | |
| VENTURA | 7 | | | | 7 | 1 | 30 | 30 | 240 | | | 7 | | | | |
| **COLORADO** | | | | | | | | | | | | | | | | |
| 2ND JUDICIAL DISTRICT (DENVER) | 1 | | | | 1 | 1 | 30 | 30 | 44 | | | | 1 | | | |
| 19TH JUDICIAL DISTRICT (WELD) | 1 | | | | 1 | | 30 | | 3 | | | 1 | | | | |
| **CONNECTICUT** | | | | | | | | | | | | | | | | |
| MIDDLESEX | 1 | | | | 1 | | 15 | | 7 | | | 1 | | | | |
| NEW HAVEN | 3 | | | 1 | 2 | | 15 | | 27 | 1 | | 2 | | | | |
| **DELAWARE** | | | | | | | | | | | | | | | | |
| STATE ATTORNEY GENERAL | 1 | | | | 1 | | 30 | | 26 | | | 1 | | | | |
| **FLORIDA** | | | | | | | | | | | | | | | | |
| 4TH JUDICIAL CIRCUIT (DUVAL) | 1 | | | | 1 | | 10 | | 10 | 1 | | | | | | |
| 5TH JUDICIAL CIRCUIT (LAKE/MARION) | 3 | | | | 3 | 4 | 30 | 30 | 189 | 1 | | 2 | | | | |
| 6TH JUDICIAL CIRCUIT (PINELLAS) | 3 | | 2 | | 1 | 1 | 30 | 30 | 30 | 1 | | 2 | | | | |
| 7TH JUDICIAL CIRCUIT (VOLUSIA) | 1 | | | | 1 | 1 | 30 | 30 | 33 | | | | | | 1 | |
| 9TH JUDICIAL CIRCUIT (ORANGE/OSCEOLA) | 2 | | | | 2 | 1 | 30 | 30 | 60 | | | 2 | | | | |
| 11TH JUDICIAL CIRCUIT (DADE) | 7 | | | | 7 | 7 | 30 | 30 | 383 | | | 7 | | | | |

15

**Table 2**
**Intercept Orders Issued by Judges During Calendar Year 2003 (Continued)**

| Reporting Jurisdiction | Number of Intercept Orders | | | | | Number of Extensions | Avg. Length (in Days) | | | Location Authorized in Original Application | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Authorized | Amended | No Prosecutor's Report | Never Installed | Installed* | | Original Authorization | Extensions | Total Number of Days in Operation | Personal Residence | Business | Portable Device | Combination* | Other | Roving | None Specified |
| **FLORIDA (CONTINUED)** | | | | | | | | | | | | | | | | |
| 13TH JUDICIAL CIRCUIT | | | | | | | | | | | | | | | | |
| (HILLSBOROUGH) | 3 | 2 | | | 3 | | 30 | | 52 | | | 2 | 1 | | | |
| 18TH JUDICIAL CIRCUIT | | | | | | | | | | | | | | | | |
| (BREVARD/SEMINOLE) | 10 | | | | 10 | 5 | 30 | 30 | 287 | | | 10 | | | | |
| 19TH JUDICIAL CIRCUIT | | | | | | | | | | | | | | | | |
| (SAINT LUCIE) | 8 | 1 | | | 8 | 3 | 30 | 30 | 245 | 1 | | 7 | | | | |
| STATE ATTORNEY | | | | | | | | | | | | | | | | |
| GENERAL | 7 | | | | 7 | 3 | 30 | 30 | 196 | | | 6 | 1 | | | |
| | | | | | | | | | | | | | | | | |
| **GEORGIA** | | | | | | | | | | | | | | | | |
| BIBB | 4 | | | | 4 | | 30 | | 99 | 1 | | 3 | | | | |
| | | | | | | | | | | | | | | | | |
| **IDAHO** | | | | | | | | | | | | | | | | |
| CANYON | 1 | | | | 1 | | 30 | | 18 | 1 | | | | | | |
| | | | | | | | | | | | | | | | | |
| **ILLINOIS** | | | | | | | | | | | | | | | | |
| CALHOUN | 1 | | 1 | | | 1 | 30 | 30 | | | | | | | | 1 |
| COOK | 5 | | | | 5 | 2 | 30 | 30 | 175 | | | 5 | | | | |
| EDGAR | 1 | | | | 1 | | 7 | | 1 | | | | | | | 1 |
| FAYETTE | 2 | | | 1 | 1 | | 30 | | 2 | 2 | | | | | | |
| JO DAVIESS | 5 | | | 2 | 3 | | 24 | | 4 | 1 | | 2 | | 2 | | |
| MONROE | 3 | | | 2 | 1 | | 30 | | 30 | | | | | 3 | | |
| ROCK ISLAND | 2 | 1 | | | 2 | 1 | 30 | 30 | 11 | | | 2 | | | | |
| WAYNE | 2 | | | | 2 | | 30 | | 2 | 2 | | | | | | |
| WHITE | 2 | | | 1 | 1 | | 30 | | 1 | 1 | | | | 1 | | |
| | | | | | | | | | | | | | | | | |
| **MARYLAND** | | | | | | | | | | | | | | | | |
| BALTIMORE | 6 | 1 | | | 6 | | 30 | | 116 | | | 6 | | | | |
| BALTIMORE CITY | 8 | | | | 8 | 11 | 30 | 30 | 469 | | | 8 | | | | |
| HARFORD | 8 | | | | 8 | 1 | 30 | 30 | 206 | | 3 | 5 | | | | |
| HOWARD | 3 | | | | 3 | 2 | 30 | 30 | 107 | | | 3 | | | | |
| | | | | | | | | | | | | | | | | |
| **MASSACHUSETTS** | | | | | | | | | | | | | | | | |
| HAMPDEN | 4 | | | | 4 | 10 | 15 | 15 | 210 | | | 4 | | | | |
| MIDDLESEX | 10 | | | | 10 | 19 | 15 | 15 | 377 | | | 9 | | 1 | | |
| STATE ATTORNEY | | | | | | | | | | | | | | | | |
| GENERAL | 2 | | | | 2 | | 15 | | 20 | 1 | | 1 | | | | |
| | | | | | | | | | | | | | | | | |
| **MISSISSIPPI** | | | | | | | | | | | | | | | | |
| HINDS | 3 | | | | 3 | 3 | 30 | 30 | 130 | | | 2 | 1 | | | |
| | | | | | | | | | | | | | | | | |
| **NEVADA** | | | | | | | | | | | | | | | | |
| CLARK | 8 | | | | 8 | 6 | 27 | 30 | 281 | | | 5 | 3 | | | |
| ELKO | 1 | | | | 1 | 1 | 1 | 2 | 3 | | 1 | | | | | |
| WASHOE | 3 | | | | 3 | | 1 | | 3 | | | 3 | | | | |
| | | | | | | | | | | | | | | | | |
| **NEW HAMPSHIRE** | | | | | | | | | | | | | | | | |
| STATE ATTORNEY | | | | | | | | | | | | | | | | |
| GENERAL | 5 | 2 | | | 5 | 4 | 10 | 10 | 76 | 2 | | 2 | | 1 | | |
| | | | | | | | | | | | | | | | | |
| **NEW JERSEY** | | | | | | | | | | | | | | | | |
| ATLANTIC | 1 | | | | 1 | | 20 | | 1 | 1 | | | | | | |
| BERGEN | 2 | | | | 2 | 3 | 20 | 10 | 69 | 2 | | | | | | |
| BURLINGTON | 6 | | | | 6 | 5 | 25 | 30 | 229 | | | 6 | | | | |

16

## Table 2
## Intercept Orders Issued by Judges During Calendar Year 2003 (Continued)

| Reporting Jurisdiction | Number of Intercept Orders | | | | | Number of Extensions | Avg. Length (In Days) | | Total Number of Days in Operation | Location Authorized in Original Application | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Authorized | Amended | No Prosecutor's Report | Never Installed* | Installed* | | Original Authorization | Extensions | | Personal Residence | Business | Portable Device | Combination** | Other | Roving | None Specified |
| **NEW JERSEY (CONTINUED)** | | | | | | | | | | | | | | | | |
| CAMDEN | 5 | | | | 5 | 1 | 26 | 30 | 107 | | | | 5 | | | |
| GLOUCESTER | 2 | | | | 2 | 1 | 15 | 10 | 34 | | | | 1 | | 1 | |
| HUDSON | 23 | | | | 23 | 11 | 25 | 18 | 564 | 6 | 1 | | 16 | | | |
| MIDDLESEX | 3 | | 1 | | 2 | 1 | 20 | 10 | 36 | | | | 3 | | | |
| MORRIS | 9 | | | | 9 | | 26 | | 186 | 2 | | | 7 | | | |
| PASSAIC | 29 | 1 | | 1 | 28 | 1 | 26 | 10 | 446 | | | | 29 | | | |
| SALEM | 7 | | | 1 | 6 | 2 | 20 | 10 | 76 | | | | 6 | 1 | | |
| STATE ATTORNEY GENERAL | 14 | | 12 | | 2 | 8 | 28 | 23 | 102 | 2 | | | 9 | | 3 | |
| UNION | 16 | | | | 16 | 5 | 28 | 30 | 381 | | 1 | | 15 | | | |
| **NEW YORK** | | | | | | | | | | | | | | | | |
| ALBANY | 4 | | | | 4 | | 30 | | 115 | | | | 4 | | | |
| DUTCHESS | 1 | 1 | 1 | | | 8 | 30 | 29 | | | | | 1 | | | |
| FULTON | 2 | | | | 2 | | 30 | | 48 | 2 | | | | | | |
| KINGS | 24 | 1 | | 1 | 23 | 48 | 29 | 30 | 1,732 | 6 | 10 | | 8 | | | |
| MONROE | 22 | 2 | | 3 | 19 | 2 | 30 | 30 | 453 | 5 | | | 16 | 1 | | |
| MONTGOMERY | 1 | 1 | 1 | | | | 30 | | | | | 1 | | | | |
| NASSAU | 4 | 2 | | | 4 | 2 | 30 | 30 | 129 | | | | | 4 | | |
| NEW YORK | 3 | | | 1 | 2 | 24 | 30 | 30 | 466 | | | | 2 | 1 | | |
| NY ORGANIZED CRIME TASK FORCE | 12 | 6 | | | 12 | 106 | 30 | 30 | 3,115 | | | | 6 | 6 | | |
| NYC SPECIAL NARCOTICS BUREAU | 112 | 1 | | 7 | 105 | 74 | 30 | 30 | 3,964 | 3 | | | 109 | | | |
| ONEIDA | 2 | 2 | | | 2 | 2 | 30 | 30 | 90 | 1 | | | 1 | | | |
| OTSEGO | 1 | | | | 1 | | 30 | | 30 | | | | 1 | | | |
| QUEENS | 88 | 3 | | | 88 | 217 | 29 | 30 | 8,195 | 5 | 5 | | 78 | | | |
| RENSSELAER | 2 | | | | 2 | | 30 | | 29 | | | | 1 | 1 | | |
| ROCKLAND | 5 | | | | 5 | 3 | 30 | 30 | 174 | | | | 5 | | | |
| STATE ATTORNEY GENERAL | 3 | | | | 3 | 9 | 30 | 30 | 283 | | | | | 3 | | |
| SUFFOLK | 29 | 1 | 1 | 5 | 23 | 15 | 30 | 30 | 847 | 12 | 2 | | 15 | | | |
| WESTCHESTER | 13 | 5 | | | 13 | 13 | 30 | 30 | 657 | 5 | 2 | | 6 | | | |
| **OHIO** | | | | | | | | | | | | | | | | |
| MONTGOMERY | 1 | | | | 1 | | 1 | | 1 | 1 | | | | | | |
| WASHINGTON | 1 | | | | 1 | | 9 | | 9 | | | | | 1 | | |
| **PENNSYLVANIA** | | | | | | | | | | | | | | | | |
| BERKS | 4 | 1 | 1 | | 3 | 3 | 28 | 28 | 144 | 1 | | | 3 | | | |
| CUMBERLAND | 3 | 1 | | | 3 | 3 | 25 | 25 | 144 | 2 | | | 1 | | | |
| LANCASTER | 4 | | 4 | | | 1 | 30 | 30 | | 4 | | | | | | |
| LYCOMING | 2 | | | | 2 | | 30 | | 56 | | | | 2 | | | |
| MONTGOMERY | 11 | | 1 | | 10 | 2 | 30 | 30 | 244 | 1 | | | 9 | | 1 | |
| PHILADELPHIA | 2 | | | | 2 | | 30 | | 39 | | | | 2 | | | |
| STATE ATTORNEY GENERAL | 26 | 1 | 5 | | 21 | 4 | 30 | 30 | 560 | 7 | | | 18 | 1 | | |

**Table 2**
**Intercept Orders Issued by Judges During Calendar Year 2003 (Continued)**

| Reporting Jurisdiction | Number of Intercept Orders | | | | | | Avg. Length (in Days) | | Total Number of Days in Operation | Location Authorized in Original Application | | | | | | |
| | Authorized | Amended | No Prosecutor's Report | Never Installed | Installed* | Number of Extensions | Original Authorization | Extensions | | Personal Residence | Business | Portable Device | Combination** | Other | Roving | None Specified |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **SOUTH CAROLINA** | | | | | | | | | | | | | | | | |
| STATE ATTORNEY GENERAL | 2 | | | | 2 | | 2 | | 4 | 2 | | | | | | |
| **TENNESSEE** | | | | | | | | | | | | | | | | |
| DAVIDSON | 10 | | | | 10 | 14 | 30 | 30 | 605 | | | 10 | | | | |
| **TEXAS** | | | | | | | | | | | | | | | | |
| BOWIE | 1 | | | | 1 | | 30 | | 25 | 1 | | | | | | |
| HARRIS | 3 | | 2 | | 1 | 2 | 30 | 30 | 60 | | | 1 | 2 | | | |
| **UTAH** | | | | | | | | | | | | | | | | |
| SALT LAKE | 4 | 1 | | | 4 | 2 | 30 | 30 | 149 | | 1 | 2 | 1 | | | |
| **WISCONSIN** | | | | | | | | | | | | | | | | |
| MILWAUKEE | 2 | | | | 2 | 1 | 30 | 30 | 57 | 1 | | 1 | | | | |

\* Based on the number of orders for which intercept devices were installed as reported by the prosecuting official.
\*\* Combination refers to the number of authorized interceptions for which more than one location was reported.

18