MELINDA HAAG (CABN 132612 )
United States Attorney
JOANN M. SWANSON (CA Bar No. 88143)
Chief, Civil Division
STEVEN J. SALTIEL (CA Bar No. 202292)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6996
Facsimile: (415) 436-6748

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA *ex rel.*, John C. Prather, *et al.*,

Plaintiff,

v.

AT & T INC., CELLCO PARTNERSHIP d/b/a VERIZON COMMUNICATIONS, QWEST COMMUNICATIONS INTERNATIONAL INC., SPRINT NEXTEL CORP., and TELEPHONE AND DATA SYSTEMS, INC.,

Defendants.

No. C 09-2457 CRB

**UNITED STATES' POSITION REGARDING DISMISSAL**

The United States respectfully submits its position regarding dismissal, pursuant to 28 U.S.C. § 517,[1] for the limited purpose of requesting that any dismissal of this action be expressly without prejudice to the United States and the named States.

## I. BACKGROUND

This action was filed by Relator, John C. Prather, pursuant to the qui tam provisions of the False Claims Act (FCA), 31 U.S.C. §§ 3729-33. Relator alleges, *inter alia*, that Defendants have

[1] Pursuant to 28 U.S.C. §517, the Attorney General is authorized to attend to the interests of the United States in any action in federal or state court.

violated and continue to violate the FCA by overcharging federal, state and local law enforcement agencies for the costs of electronic surveillance. Relator also brought this case on behalf of the states of California, Delaware, Florida, Illinois, Indiana, Massachusetts, Nevada, New Hampshire, New Jersey, New Mexico, New York, Rhode Island, Virginia, and the District of Columbia, under their False Claims Act statutes. The United States declined to intervene in the case. *See* 31 U.S.C. § 3730. None of the named states intervened. On January 17, 2012, Defendants filed a joint motion to dismiss pursuant to Fed. R. Civ. P. 9(b), 12(b)(1), and 12(b)(6). Defendant's motion to dismiss is scheduled to be heard by the Court on April 20, 2012 at 10:00 a.m.

## II. DISMISSAL SHOULD BE WITHOUT PREJUDICE TO THE UNITED STATES

The United States takes no position on the merits of the motion to dismiss. However, since the United States (along with the named States) is the real party in interest in a *qui tam* under the FCA, the United States requests that any dismissal be expressly without prejudice to the United States and the named States so that the governments' ability to prosecute any potential civil fraud action against Defendants will not be prejudiced.

Pursuant to the FCA, a relator files his or her complaint on behalf of the United States, and once the United States has notified the Court that it declines to pursue the relator's allegations, the relator is free to pursue them on his or her own.[2] 31 U.S.C. § 3730. Thus, the United States neither files the complaint that initiated the action nor does it serve the complaint on defendants. Because the United States has no part in preparing the complaint, it should not be prejudiced if a relator has failed to plead his or her allegations sufficiently to meet the requirements of Fed. R. Civ. Proc. 9(b), is barred by the public disclosure bar, or fails to state a claim under Fed. R. Civ. Proc. 12(b)(6).

\\

[2] The government's decision not to intervene in a *qui tam* action is not the equivalent of its agreement to a dismissal with prejudice. *See United States ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391, 1397 (9th Cir. 1992) (allowing the United States to intervene to challenge dismissal with prejudice). Even when the United States declines to intervene in a FCA suit, and is therefore not a party to it, the United States remains the real party in interest. *See United States ex rel. Killingsworth v. Northrop Corp.,* 25 F.3d 715, 720 (9th Cir. 1994).

Such a result would be unfair because, if a relator's broadly drafted complaint is dismissed with prejudice as to the United States, a defendant could improperly argue that the United States is precluded from pursuing future actions against the defendants in relator's complaint. This is not in accord with the purpose of the FCA *qui tam* provisions, *i.e.,* assisting the United States in pursuing fraud, not hindering it – and should not be the result of the dismissal of a relator's improperly pleaded complaint. Accordingly, the United States submits that any dismissal of Relator's complaint in this case should be expressly without prejudice to the United States.[3]

Where a court grants a motion to dismiss a relator's complaint in a *qui tam* action in which the United States has declined to intervene, such dismissals are routinely without prejudice to the United States.[4] This is of particular concern where, as here, there has been no adjudication on the merits, and the allegations in the relator's complaint are wide-ranging.

\\

\\

\\

\\

\\

\\

\\

---

[3]The same rationale would apply to the named States that Relator purported to bring this case on behalf.

[4] *See, e.g., United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 454-56 (5th Cir. 2005) ("[D]ismissal with prejudice as to the United States was unwarranted where, as here, the relator's claims were dismissed on a Rule 12(b)(6) motion based on a lack of specificity in the complaint as required by Rule 9(b)."); *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 967 (9th Cir. 1999) (dismissal of relator's complaint on defendant's motion to dismiss was with prejudice to relator and without prejudice to the United States); *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 1000 & n.6 (2d Cir. 1995) (affirming dismissal of relator's complaint but noting that government could proceed with the claims against defendants if it so chose); *United States ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 28, 40 (D.D.C. 2003) (granting defendant's motion to dismiss in part with prejudice to the relator but without prejudice to the United States).

## III. CONCLUSION

Based on the foregoing, the United States respectfully requests that any dismissal in this action be expressly without prejudice to the United States and the named States.

DATED: February 28, 2012

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/
STEVEN J. SALTIEL
Assistant United States Attorney