John Balestriere*
Jillian McNeil**
**BALESTRIERE FARIELLO**
225 Broadway, Suite 2900
New York, NY 10007
Email: john.balestriere@balestriere.net
Telephone: (212) 374-5401
Facsimile:   (212) 208-2613
* *Admitted Pro Hac Vice*
***Admitted in New York Courts Only*

David J. Miclean (SBN 115098)
**MICLEAN GLEASON LLP**
100 Marine Parkway, Suite 310
Redwood Shores, CA 94065
Email: dmiclean@micleangleason.com
Telephone: (650) 684-1181
Facsimile:   (650) 684-1182

*Attorneys for Plaintiff-Relator*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, JOHN C. PRATHER, *et al.*<br><br>Plaintiff-Relator<br><br>vs.<br><br>AT&T INC., CELLCO PARTNERSHIP d/b/a VERIZON COMMUNICATIONS, QWEST COMMUNICATIONS INTERNATIONAL, INC., and SPRINT NEXTEL CORP.<br><br>Defendants. | CASE NO. C 09-02457 CRB<br><br>**[PROPOSED] ORDER REGARDING BRIEFING SCHEDULE AND HEARING DATE FOR DEFENDANTS' RESPONSES TO RELATOR'S AMENDED COMPLAINT** |

**Basis for Relator's Schedule and Proposed Order**

Relator John C. Prather ("Relator") submits this response schedule and proposed order in accordance with the May 23, 2012 stipulation ("the Stipulation") (Dkt. No. 84) entered into by Relator and Defendants AT&T, Inc. ("AT&T"), Cellco Partnership d/b/a Verizon Wireless ("Verizon"), Qwest Communications International, Inc. ("Qwest"), and Sprint Nextel Corporation ("Sprint") (collectively, "Defendants").

In the Stipulation, the parties agreed to meet and confer regarding Defendants' response date and the discovery schedule by no later than August 1, 2012, and agreed to submit a proposed scheduling order or, if they could not agree, their respective positions regarding a response date and discovery schedule to the Court by August 8, 2012. Relator and Defendants did so meet and confer on August 1, 2012 and August 3, 2012, and attempted to work out a joint schedule. But, due to the parties' differing interpretations of the applicability of the 2010 amendments ("the 2010 Amendments") to the Federal False Claims Act ("the FCA"), the parties were unable to come to an agreement. Because the 2010 Amendments transformed the public disclosure bar of the FCA from a jurisdictional bar, warranting only the limited discovery previously granted by the Court, to an affirmative defense, the Court's jurisdiction is no longer in question. As such, Defendants cannot move to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1), and the parties should move forward with mutual, full merits discovery.

**The 2010 Amendments to the Federal False Claims Act**

On March 23, 2010, Section 10104(j)(2) of the Patient Protection and Affordable Care Act, Pub.L. 111-1148, 124 Stat. 119, amended the language of the FCA, replacing the prior version of the public disclosure bar with new language that converted 31 U.S.C. § 3730(e) from a jurisdictional bar to an affirmative defense.[1]  While the 2010 Amendments

---

[1] Prior to the 2010 Amendments, 31 U.S.C. § 3730(e)(4)(A) read "[n]o court shall have jurisdiction . . . ." The amended section now reads "[t]he court shall dismiss . . . ." 31 U.S.C. § 3730(e)(4)(A).

- 1 -   [PROPOSED] ORDER
C 09-02457 CRB

also made substantive changes to the public disclosure bar, it is the jurisdictional change that is applicable here.

The general rule against retroactivity does not apply when the change in law alters the power of the court. *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). In such cases, the Supreme Court and the 9th Circuit consistently apply statutory amendments conferring jurisdiction retroactively to pending actions, even where jurisdiction was in question at the time the action was commenced. *Nakaranurack v. United States*, 231 F.3d 568, 571 (9th Cir. 2000). This is because jurisdictional rules "speak to the power of the court rather than to the rights or obligations of the parties." *Id.* (internal citations omitted). It is a longstanding rule that the "presumption against retroactive application of new legislation to pending cases . . . generally does not apply to rules conferring or withdrawing jurisdiction." *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994) (internal citations omitted).

While Relator recognizes that there is authority which finds that the *substantive* changes to the FCA caused by the 2010 Amendments shall not be applied retroactively, those cases discuss only the definition of public disclosure. Such cases do not address the *jurisdictional* changes here at issue. *See Graham County Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 130 S. Ct. 1396, 1400 (2010) (applying pre-amendment language to the definition of "administrative report"); *U.S. ex rel. Poteet v. Bahler Medical, Inc.*, 619 F.3d 104, 111 (1st Cir. 2010) (applying pre-amendment language to determine that "a civil complaint filed in court qualifies as a public disclosure"). These cases simply do not apply to the jurisdictional dispute here in question. Because the FCA's public disclosure bar is now an affirmative defense, there is no question as to the Court's subject matter jurisdiction over this proceeding.

**Proposed Hearing**

Relator believes this issue may need to be briefed and argued in a hearing before the Court, particularly if the Court is inclined to accept Defendants' proposed order.

Relator proposes the following schedule and order.

**Proposed Schedule**

NOW THEREFORE, the Court notes and orders the following:

(1) The 2010 Amendments to the FCA apply to this action, and, as a result, the Court's jurisdiction is no longer in question such that there shall be no motion pursuant to Rule 12(b)(1), and, as a result of the transformation of the public disclosure bar from a jurisdictional bar to an affirmative defense, determine that there is no longer cause for a 12(b)(1) dispute and limited discovery on subject matter jurisdiction;

(2) Defendants shall answer or respond to the Amended Complaint by motion pursuant to Rule 12(b)(6) on or before September 5, 2012;

(3) Relator shall file any opposition(s) to each of Defendants' motion(s) on or before September 26, 2012;

(4) Defendants shall file any reply brief(s) on or before October 10, 2012;

(5) Defendants' motion(s) will be heard on November 9, 2012 at 10:00 a.m.

(6) The parties shall meet and confer regarding the discovery schedule within seven days of the Court's decision on Defendants' motion(s), and shall submit to the Court a proposed discovery schedule within seven days of such meeting.

DATED: August 8, 2012         BALESTRIERE FARIELLO

                              By: /s/ John G. Balestriere
                                  John G. Balestriere

                              *Attorneys for Relator John C. Prather*

# [PROPOSED] ORDER

Pursuant to the above, IT IS SO ORDERED.

DATED: August ___, 2012

By: _____

Hon. Charles R. Breyer
United States District Judge

# CERTIFICATE OF SERVICE

I, Thomas Martecchini, declare:

I am a citizen of the United States and am employed in the County of New York, State of New York. I am over the age of 18 years and am not a party to the within action. My business address is Balestriere Fariello, 225 Broadway, Suite 2900, New York, New York 10007. I am personally familiar with the business practice of Balestriere Fariello. On August 8, 2012 I caused the following document to be served on the following parties by the manner specified below:

**[PROPOSED] ORDER REGARDING BRIEFING SCHEDULE AND HEARING DATE FOR DEFENDANTS' RESPONSES TO RELATOR'S AMENDED COMPLAINT**

David F. Taylor
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, WA 98101-3099
DFTaylor@perkinscoie.com
[By ECF]

Jonmi N. Koo
PERKINS COIE LLP
4 Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
JKoo@perkinscoie.com
[By ECF]

Steven J. Saltiel
Assistant United States Attorney
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
[By ECF]

Douglas A. Axel
Anand Singh
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013
[By ECF]

Nicklas A. Akers
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94010
[By ECF]

Jerome C. Roth
Jonathan H. Blavin
Kristin Linsley
MUNGER, TOLLES & OLSON LLP
560 Mission Street 27th Floor
San Francisco, CA 94105
jerome.roth@mto.com
jonathan.blavin@mto.com
[By ECF]

<u>XXX</u> (ON CM/ECF) I electronically filed and served the document on CM/ECF.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that this declaration was executed at New York, New York, on August 8, 2012.

/s/ Thomas Martecchini
Thomas Martecchini