IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <u>ex rel</u> JOHN C. PRATHER<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>AT&T INC., et al.,<br><br>　　　　Defendants. | No. C -09-02457 CRB (EDL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SHORTEN TIME; DENYING AS MOOT PLAINTIFF'S MOTION TO STAY; AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |

　　　As part of the jurisdictional discovery in this case, the parties agreed to conduct Plaintiff John C. Prather's deposition in San Francisco on December 17, 2012.  The parties reached this agreement on October 29, 2012.  Barnidge Decl. in Opp. to Pl.'s Mot. for Prot. Order Ex. D.  Later that day, Hurricane Sandy hit the East Coast.  Thereafter, on November 9, 2012, New York City announced the NYC Rapid Repair Program, and on November 21, 2012, Plaintiff's employer was hired as part of that Program.  Balestriere Reply Decl. ¶ 2.

　　　On December 4, 2012, Plaintiff filed a motion for protective order, seeking to move the deposition in New York on December 16, 2012, or by video conference to avoid the necessity of Plaintiff traveling to San Francisco given the demands of his work.  In his reply filed on December 12, 2012, Plaintiff also proposes taking the deposition in New York on December 17, 2012.  Plaintiff set the motion for protective order for hearing on January 8, 2013.

　　　On December 10, 2012, Plaintiff filed a motion to stay the December 17, 2012 deposition pending resolution of Plaintiff's motion for protective order, and a motion to shorten time to hear the motion to stay and motion for protective order.  On December 11, 2012, at the Court's request, Defendants filed an opposition to Plaintiff's motions.  On December 12, 2012, with leave of Court, Plaintiff filed a reply.  Good cause appearing, Plaintiff's motion to shorten time is granted.  In

1  addition, because the Court resolves the motion for protective order, the motion to stay is denied as
2  moot.
3      As a general rule, a party may unilaterally choose the place for deposition of the opposing
4  party, and a plaintiff will be required to be deposed in the district in which the case is filed. See,
5  e.g., Lexington Ins. Co. v. Commonwealth Ins. Co., 1999 WL 33292943, at *9 (N.D. Cal. Sept. 17,
6  1999) ("A party may unilaterally choose the place for deposing the opposing party, subject to the
7  granting of a protective order by the Court pursuant to Federal Rule of Civil Procedure 26(c)(2)
8  designating a different place. In determining the appropriate place for depositions, the trial court has
9  broad discretion.  However, as a general rule, 'plaintiff will be required to make himself or herself
10 available for examination in the district in which suit was brought.'") (internal citations omitted).
11 However, if a party makes a showing of good cause, a court may order a deposition to take place
12 elsewhere.  See Dieng v. Hilton Grand Vacations Co., 2011 WL 812165 (D. Nev. Mar. 1, 2011)
13 (stating that a showing of good cause is required to avoid a deposition in the forum state).
14     Taking into account all of the parties' arguments and evidence presented, the Court
15 concludes that Plaintiff has not shown good cause to change the agreed-upon date or location of the
16 deposition.  In the motion for protective order, Plaintiff argues generally that his situation and
17 availability for deposition have changed dramatically since the parties reached their agreement about
18 the date and location of the deposition on October 29, 2012.  He argues that his job now requires
19 him to work excessive hours, particularly in the aftermath of Hurricane Sandy, and that there is the
20 possibility that he may be called to an emergency meeting at any time, including on the day of the
21 deposition.  Balestriere Decl. in support of Mot. for Protective Order ¶¶ 5-6.  Plaintiff states that his
22 workload will only increase as more people sign on for the City's Rapid Repair Program. Id.  He
23 notes that his company has a very important role as a watchdog organization to monitor companies
24 that are assisting with storm repair for legal and regulatory compliance.  Pl.'s Reply to Mot. for Prot.
25 Order at 4, n.2.
26     Plaintiff, however, has provided no evidence of an *actual* conflict with the December 17,
27 2012 deposition date.  Moreover, the parties agreed to conduct the deposition in San Francisco on
28 December 17, 2012 specifically so that Plaintiff would miss the least number of days of work.

Barnidge Decl. Ex. C.  In addition, Defendants have presented evidence that it would be impossible for at least one attorney to appear in New York on December 16, 2012 for a deposition given the religious holiday.  See Axel Decl. ¶ 3.  Further, Plaintiff's belated suggestion, made for the first time in Plaintiff's December 12, 2012 reply, to conduct the deposition in New York on December 17, 2012 comes too late, and ignores the burden on Defendants to rearrange their schedules at this late date.  Thus, Plaintiff's motion for protective order is denied.  Defendants' request for an award of fees and costs is denied.

    IT IS SO ORDERED.

Dated: December 12, 2012

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge